Gerald BUSH, et al., Appellants,

v.

2410 HAMILTON BUILDING VENTURE, Appellee.

No. 14–96–00349–CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 31, 1997.

Rehearing Overruled Sept. 11, 1997.

Meyer Jacobson, Houston, for appellants.

Ramon E. Williams, Houston, for appellee.

Before YATES, HUDSON and FOWLER, JJ.

## OPINION

FOWLER, Justice.

Appellants, Gerald J. Bush, Marilyn K. Miller, Carol S. Miller and Thomas F. Miller (collectively referred to as Bush and Miller) appeal from a summary judgment signed January 29, 1996, in the 129th District Court of Harris County, Texas in favor of 2410 Hamilton Building Venture, appellee (Building Venture), by which the trial judge denied Bush and Miller's petition for a bill of review.

Bush and Miller complain in five points of error that the trial court erred in granting Building Venture's motion for summary judgment because (1) Bush and Miller fully complied with the proper standards for a bill of review, (2) they were deprived of due process, (3) their pleadings stated a cause of action, (4) Building Venture's summary judgment proof was insufficient, and (5) the trial court failed to make a proper review of the original suit filed by appellee. We affirm.

## FACTS AND PRIOR POSTURE

Building Venture filed suit against Gerald J. Bush, Harry R. Miller and Richard A. Mosby in cause no. 85–23525. Each defendant was served and general denials were filed on behalf of each defendant. Building Venture later filed a motion for summary judgment as to each defendant but only Mosby responded.

According to counsel for Building Venture, a hearing was held on Building Venture's motion for summary judgment on February 24, 1986. Counsel for Bush and Miller was at the hearing along with Mosby's counsel. Building Venture's lawyer testified by affidavit that the trial court granted the motion. In addition, a document generated by the District Clerk entitled "Justice Information and Management Systems Court Activity Case Inquiry" reflects that the motion for summary judgment was granted on February 25, 1986 against Bush and Miller. No severance was requested, so the judgment was not final.

More than four years later, trial notices were sent out to all parties in the case: Bush, Miller & Mosby. The notices to Bush and Miller's lawyer were returned because the lawyer was disbarred on June 18, 1990. Bush and Miller did not receive any other notice. The case against Mosby was tried to the court on November 28, 1990 and a final judgment was signed on January 25, 1991. The final judgment reflects that appellee's motion for summary judgment was granted against Bush and Miller and judgment was entered for appellee against Bush and Miller. The final judgment also provides that appellee take nothing against Mosby.

In July of 1994, Bush and Miller filed a bill of review proceeding, and later amended the petition. Appellee filed an answer and a motion for summary judgment to which appellants responded. On January 29, 1996, the trial court signed an order granting appellee's motion for summary judgment.

## STANDARDS OF REVIEW

### Summary Judgment

■ The standard of review for a summary judgment is well established:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a latter of law.

2. In deciding whether or not there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in his favor.

*Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985); *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex. 1984); *Karl v. Oaks Minor Emergency Clinic*, 826 S.W.2d 791, 794 (Tex.App.—Houston [14th Dist.] 1992, writ denied). An appellate court may only review the summary judgment record in light of the issues raised and proof actually presented to the trial court by the parties in their written motions and responses. *Wooldridge v. Groos Nat. Bank*, 603 S.W.2d 335, 344 (Tex.Civ.App.—Waco 1980, no writ). In deciding the merits of a motion for summary judgment, the trial courts consider only the pleadings, discovery responses, stipulations and any sworn affidavits. *Martin v. Cohen*, 804 S.W.2d 201, 203 (Tex.App.—Houston [14th Dist.] 1991, no writ).

### Bill of Review

■ A bill of review is an independent equitable action brought by a party to a former action seeking to set aside a judgment that is no longer appealable or subject to a motion for new trial. *Transworld Fin.*

*Serv. Corp. v. Briscoe,* 722 S.W.2d 407 (Tex. 1987); *Baker v. Goldsmith,* 582 S.W.2d 404, 407 (Tex.1979). Upon the expiration of the trial court's plenary power, a judgment cannot be set aside by the trial court except by bill of review for sufficient cause, filed within the time allowed by law. TEX.R. CIV. P. 329b(f). Although a bill of review is designed to prevent manifest injustice, *French v. Brown,* 424 S.W.2d 893, 895 (Tex.1967), the fact that an injustice occurred is not sufficient cause to justify relief by bill of review. *Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d 996, 998 (Tex.1950).

■ To invoke the equitable powers of the court, the traditional bill of review complainant must allege and present prima facie proof that (1) the prior judgment was rendered as the result of fraud, accident, or wrongful act of the opposite party or official mistake, (2) without any fault or negligence of his own, and (3) the existence of a meritorious defense to the cause of action alleged to support the judgment. *Baker,* 582 S.W.2d at 408. Generally, a complainant has the burden to prove these same things at trial. *Id.* at 407 (stating that the bill of review plaintiff will, on occasion, be excused from showing wrongful conduct, fraud or accident of the opposite party).

■ With respect to the fraud requirement, only extrinsic fraud will support a bill of review. *Tice v. City of Pasadena,* 767 S.W.2d 700, 702 (Tex.1989). In *Tice,* the Texas Supreme Court defined "extrinsic fraud" as "fraud which denied a party the opportunity to fully litigate upon the trial all the rights or defenses he was entitled to assert." *Id.* By contrast, the court defined as "intrinsic fraud" those issues which were presented and either were or should have been settled in the former action. *Id.*

## POINTS OF ERROR

Bush and Miller contend in points of error one through five that the trial court erred in granting the Building Venture's motion for summary judgment because Bush and Miller properly established their right to a bill of review. Building Venture argues that appellants failed to allege facts sufficient to warrant relief by bill of review and further that no questions of fact existed, so that, as a matter of law, appellants were not entitled to relief by bill of review.

Bush and Miller claim they established a right to a bill of review because they proved they were prevented from presenting a meritorious defense because of fraud, accident or wrongful act on the part of Building Venture. Bush and Miller point to three things they claim establish this. First, they did not receive notice of the trial setting in November of 1990 because their attorney had been disbarred. Second, they allege that before suit was filed, a representative of Building Venture told them it would not pursue any claims it had. Finally, Bush and Miller argue that Building Venture's attorney misled the trial court at entry of the final judgment when he represented that a summary judgment was entered in the case on February 25, 1986. Even though other records and evidence reflect that a summary judgment was entered on February 25, 1986, Bush and Miller claim the record conclusively proves otherwise, because a signed copy of the order is not in the file.

■ We consider first the claim that no summary judgment was signed by the trial court. After carefully reviewing the record, we conclude that the original motion for summary judgment was granted. Both the Justice Information and Management Systems Court Activity Case Inquiry sheet and the final judgment confirm that the motion was granted. Additionally, Building Venture presented summary judgment evidence that its motion for summary judgment in the original proceeding was, in fact, granted. The affidavit of Ramon E. Williams, attached to and incorporated in appellee's motion for summary judgment, states that he is a licensed attorney who represented Building Venture in the original proceeding and that he was present at a hearing on Building Venture's motion for summary judgment held on February 24, 1986. The affidavit goes on to state that Bush and Miller's attorney, Lawerence Thomas, was present at the hearing and argued on behalf of appellants.[1] Mr.

---

1. The record establishes that Bush and Miller's

lawyer was served with a copy of Building Ven-

Williams finally swears that the court granted summary judgment in favor of appellee and against Bush and Miller and that he submitted an order to the court reflecting that ruling.

In short, Building Venture's summary judgment evidence, consisting of the affidavit of Ramon E. Williams and the court records, is competent and legally sufficient to prove the summary judgment was granted and signed. We find the affidavit of Williams to be clear, positive and direct and capable of being readily controverted. *See* TEX.R. CIV. P. 166a(c); *Republic Nat. Leasing Corp. v. Schindler,* 717 S.W.2d 606, 607 (Tex.1986).

■ Bush and Miller, on the other hand, presented no competent summary judgment evidence to disprove this fact. They argue that the summary judgment in the original proceeding was never granted, and to prove this, Bush and Miller presented the affidavits of Meyer Jacobson and Marilyn Miller, both claiming that no summary judgment was granted because the court's file does not contain a signed order. Their statements are insufficient to raise a fact issue on the issue. Neither person purports to have personal knowledge and their statements are conclusory and conjectury: they maintain that the order was never entered because a signed document is not in the court's file. Testimony comprised of legal conclusions is insufficient to support a summary judgment. *Anderson v. Snider,* 808 S.W.2d 54, 55 (Tex. 1991). Thus, the conclusory assertions are not sufficient to (1) rebut the affidavit of an individual with personal knowledge and (2) the court's records reflecting that summary judgment was granted.

■ Bush and Miller's second attempt to show fraud or wrongful act on Building Venture's part was based on a representation by a Building Venture agent—before the summary judgment motion was filed—that the case would not be pursued. Bush and Miller relied on the affidavit of Gerald Bush, to establish its claim of fraud. Bush stated that the managing partner of Building Venture told him in September of 1995, several

months before the motion for summary judgment, that Building Venture was not going to pursue the case and apologized for any inconvenience. This statement, made by a lay person before the motion for summary judgment was filed, does not raise a fact issue as to fraud on the part of Building Venture which prevented appellants from presenting a meritorious defense. When the statement was allegedly made, both parties were represented by counsel. Moreover, several months after the statement was made Building Venture filed a motion for summary judgment, sending notice to Bush and Miller's lawyer. In the face of this contradictory information, Bush and Miller cannot raise a fact issue on fraud or wrongful act without showing that they made further inquires after the motion for summary judgment was filed. Thus, Bush and Miller also failed to raise an issue of material fact as to any wrongful or fraudulent acts of Building Venture in connection with the alleged statement.

■ Finally, Bush and Miller claim that they were prevented from presenting a meritorious defense in the original lawsuit because notice of the November, 1990 trial setting was sent to their lawyer who was disbarred in June, 1990. But, the 1990 trial setting is not the relevant date for determining if Bush and Miller were prevented from presenting a meritorious defense. Four years before the 1990 trial setting, the case against Bush and Miller was adjudicated by summary judgment and the trial court held in favor of Building Venture as a matter of law. The time to have presented a meritorious defense was at this time. Bush and Miller's lawyer received notice of this hearing and appeared on their behalf. This fact alone disproves their claim that they were prevented from presenting a meritorious defense. But even if it did not, the trial in 1990 disposed of the case against a third defendant, Mosby, not Bush and Miller; their rights were not adjudicated at that time, having been adjudicated previously. The only other event Bush and Miller had a right to receive notice of for due process claims

ture's motion for summary judgment by a certificate of service attached to the original motion for

summary judgment and made a part of the court's records in the original proceedings.

was entry of the final judgment signed January 25, 1991. *See e.g., Peralta v. Heights Medical Center, Inc.,* 485 U.S. 80, 108 S.Ct. 896, 99 L.Ed.2d 75 (1988) (holding a judgment, in the absence of notice, violates due process rights). But neither this appeal nor the bill of review contain a complaint regarding lack of notice of the final judgment signed in January of 1991.[2] The complaint is only as to the failure to receive notice of the trial setting. And, in any event, Bush and Miller were not prevented from presenting a meritorious defense by not having received notice of entry the final judgment. Notice of the final judgment merely would have allowed them to reurge the defense they should have raised at the summary judgment hearing. In short, Bush and Miller also failed to raise a fact issue on whether they were prevented from presenting a meritorious defense because of lack of notice of a trial setting.

In conclusion, Building Venture's summary judgment evidence is sufficient to establish that Bush and Miller, as a matter of law, are not entitled to relief by means of a bill of review. Therefore, we overrule appellants' points of error one through five.

The judgment of the trial court is affirmed.

---

2. Bush and Miller's second point of error appears to raise this point, stating that Bush and Miller "were deprived of due process when the trial court in the original case entered judgment against them." However, the discussion under this point complains only of the lack of notice of the trial setting. The final judgment in January of 1991 is not mentioned once.