James MAYFIELD, Appellant,

v.

LOCKHEED ENGINEERING & SCIENCES CO., Appellee.

No. 14–96–01553–CV.

Court of Appeals of Texas, Houston (14th Dist.).

May 21, 1998.

Stephen J. Schechter, Houston, for appellant.

Jeffrey C. Londa, Stephen H. Dimlich, Houston, for appellees.

Before YATES, HUDSON and FOWLER., JJ.

## OPINION

YATES, Justice.

Appellant, James Mayfield, appeals the trial court's order granting summary judgment in favor of appellee, Lockheed Engineering and Sciences Company ("Lockheed") and the trial court's denial of its motion for new trial.[1] In a single point of error, Mayfield complains that the trial court erred in ruling as a matter of law that he could not maintain his wrongful termination cause of action under an exception to the employment-at-will doctrine. We affirm.

Mayfield was employed with Lockheed for over five years. His last position required him to oversee the preparation and delivery of monthly and quarterly financial reports known as "533 reports," which are required under Lockheed's contracts with NASA. Another Lockheed employee, Ben Carroll, told Mayfield on three occasions the data included in the reports was fictitious because it understated certain costs. Mayfield complained to higher management about Carroll's statements and what Mayfield perceived to be insufficient support for the information in the reports. He contends that as a result of his inquiries, he was demoted and ultimately laid off.

Mayfield brought suit for wrongful discharge. He claimed Lockheed was liable under an extension of "the public policy exception" to the employment-at-will doctrine, which prohibits an employer from retaliating against an employee who inquires into the legality of an act he is required to perform. Lockheed filed a motion for summary judgment, setting forth three grounds. First, it argued Mayfield's claim did not fall within the *Sabine Pilot* exception to the employ-

ment-at-will doctrine. Second, termination for internally reporting suspected wrongdoing does not state a cause of action under supreme court precedent. Finally, Mayfield could not base his claim on *Johnston v. Del Mar Distrib. Co., Inc.*, 776 S.W.2d 768 (Tex. App.—Corpus Christi 1989, writ denied), because Lockheed did not ask Mayfield to perform an illegal act, and Mayfield did not make an inquiry regarding the legality of the acts to an external agency. The trial court granted Lockheed's motion for summary judgment, and Mayfield now appeals.

We review the court's order granting summary judgment by examining the evidence in the light most favorable to the non-movant, resolving all doubts and indulging all inferences in his favor to determine whether the party moving for summary judgment established there were no genuine issues of material fact. *See Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 173 (Tex.1995). The burden is on the party seeking summary judgment to establish his right to this relief. *See Nixon v. Mr. Property Management Co., Inc.*, 690 S.W.2d 546, 548 (Tex.1985). When, as in the present case, the summary judgment motion sets forth several alternative theories and the trial court does not specify the basis for granting the motion, we affirm the trial court's action if any of the movant's theories are meritorious. *See Star–Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex.1995).

Without question, employment-at-will is the rule in Texas jurisprudence. "[W]hen the term of service is left to the discretion of either party, or the term left indefinite, or determinable by either party, ... either may put an end to it at will, and so without cause." *East Line & R.R.R. Co. v. Scott*, 72 Tex. 70, 10 S.W. 99, 102 (1888). Our supreme court first created an exception to the doctrine in 1985. *See Sabine Pilot Serv., Inc. v. Hauck*, 687 S.W.2d 733, 735 (Tex. 1985). In *Sabine Pilot*, the plaintiff asserted he was fired for refusing to illegally pump boats into the water. *Id.* at 734. The su-

---

1. Appellant limits the argument and authority in his appellate brief to the court's alleged error in granting Lockheed's motion for summary judg-

ment. As such, he has inadequately briefed his argument that the trial court erred in denying his motion for new trial. *See* Tex.R.App. P. 38.1(h).

preme court announced "a very narrow exception" to the employment-at-will doctrine, holding an employee could not be discharged for the sole reason of refusing to perform an illegal act. *Id.* at 735. Five years later, in *Winters v. Houston Chronicle Publ'g Co.*, 795 S.W.2d 723 (Tex.1990), the supreme court refused to expand the doctrine to termination for reporting illegal activity to upper management. *See id.* at 724–25. Last month, the supreme court again declined to recognize a "private whistleblower" cause of action. *See Austin v. Healthtrust, Inc.*, 967 S.W.2d 400 (Tex.1998).

One appellate court, however, has held that *Sabine Pilot* encompasses a claim by an employee who attempts to determine if certain actions she is required to do are illegal. *See Johnston*, 776 S.W.2d at 771. In *Johnston*, the plaintiff was required to ship a semi-automatic weapon and mark the package "fishing gear." The plaintiff believed this action was illegal and that she could subject herself to criminal liability if she signed the shipping documents. Consequently, she sought advice from the Bureau of Alcohol, Tobacco & Firearms. *Id.* at 769. She was terminated several days later and sued her former employer for retaliating against her for her inquiry. *Id.* The trial court granted summary judgment for the employer, but the appellate court reversed the trial court's order and held that under *Sabine Pilot*, an employer cannot discharge an employee who in good faith attempts to find out if an act she is required to do is illegal. *Id.* at 771. The appellate court reasoned that if the public policy concerns enunciated in *Sabine Pilot* dictate that an employer cannot coerce an employee to commit criminal acts, those concerns also militate against the discharge of an employee for inquiring into the legality of the act. *Id.*

There appear to be no other appellate courts which have extended *Sabine Pilot* in this manner.

■ To prevail on the *Sabine Pilot* exception to the employment-at-will doctrine, the terminated employee must prove his discharge was solely because he refused to perform an illegal act that could result in criminal penalties against him. *See Sabine Pilot*, 687 S.W.2d at 735. It was undisputed in the court below[2] that Lockheed did not ask Mayfield to perform an illegal act, and Mayfield did not plead or argue in response to Lockheed's summary judgment motion that Lockheed laid him off for refusing to do an illegal act. Rather, Mayfield urges that *Sabine Pilot* applies via its expansion in *Johnston*.

■ Mayfield testified by deposition that he was laid off solely for exercising his right to go up the chain of command to complain about another employee's use of the word "fictitious" in connection with the 533 reports and the lack of proper backup documentation for the data used in the preparation of those reports. He also admitted he made no inquiry to any federal, state, or local governmental agency or entity regarding the legality of anything he was asked to do at Lockheed.

■ Given Mayfield's testimony, the exception to at-will employment set forth in *Johnston* does not apply. However, even if *Johnston* was applicable, we question the holding of that case. *Sabine Pilot* predicated wrongful discharge liability on a *refusal* to do an *illegal* act subjecting the employee to criminal penalties. *See Sabine Pilot*, 687 S.W.2d at 735. *Johnston*, by contrast, allows a cause of action to an employee who is terminated for inquiring into the legality of his acts, even if those acts turned out to be legal. *See* 776 S.W.2d at 771. We cannot,

2. In his brief, Mayfield contends the actions he was asked to perform were illegal and could subject him to criminal penalties under 18 U.S.C. § 1001 (1976), which criminalizes making fictitious statements or representations in any matter within the jurisdiction of any United States agency or department. He admitted in his deposition, however, that he was never asked to perform an illegal act. Further, in his amended petition and response to Lockheed's motion for summary judgment, Mayfield simply asserted he had a good faith belief the actions he was asked

to perform were illegal and, as a result, inquired to Lockheed's upper management as to the legality of the request. In asserting on appeal that the actions were in fact illegal, he presents a new cause of action not pleaded below. An appellate court may only review the summary judgment record in light of the issues raised and *proof* actually presented to the trial court by the parties in their written motions and responses. *See* Tex.R. Civ. P. 166a(c); *Bush v. 2410 Hamilton Bldg. Venture*, 951 S.W.2d 192, 194 (Tex.App.— Houston [14th Dist.] 1997, writ denied).

consistent with well-established Texas precedent, agree that a cause of action exists when termination follows the refusal to do a legal act, much less an inquiry into the legality of an act later determined to be within the bounds of the law. Such an expansion of the employment-at-will doctrine is best left to our state supreme court and legislature. *See Winograd v. Willis*, 789 S.W.2d 307, 312 (Tex.App.—Houston [14th Dist.] 1990, writ denied).

■ Having determined that *Johnston* is not only inapplicable but also of dubious authority, we turn to whether Lockheed could lawfully discharge Mayfield for reporting acts he believed to be illegal to upper management. The Texas Supreme Court addressed a similar issue in *Winters v. Houston Chronicle Publ'g Co.*, 795 S.W.2d 723 (Tex. 1990). In *Winters*, as noted above, the Texas Supreme Court declined to expand *Sabine Pilot* to recognize a cause of action for an employee discharged for reporting illegal activity to company insiders. *See id.* at 724–25. The supreme court recently revisited this issue in *Austin v. Healthtrust, Inc.*, 967 S.W.2d 400 (Tex.1998). In *Austin*, the plaintiff, an emergency room nurse, was terminated after she informed her supervisor that another nurse appeared to be under the influence of drugs and was dispensing prescription medication to patients without a physician's authorization. *See* at 400–01. The court noted that the Texas Legislature has declined to create a broad-based cause of action for private whistleblowers, but it has crafted a number of very narrowly-tailored exceptions to at-will employment. *Id.* at 401–03. The court declined to create a broader exception than those created by the Legislature, as such a cause of action would eclipse the existing statutes. *Id.* at 400–03. Similarly, in *Thompson v. El Centro Del Barrio*, 905 S.W.2d 356, 357 (Tex.App.—San Antonio 1995, writ denied), *cited with approval in Austin*, 967 S.W.2d at 400–01, two plaintiffs reported illegal activity to company insiders as well as a federal government entity. The appellate court found *Winters* controlling and refused to find a cause of action, as it felt "bound by *Winters* . . . not to create a new cause of action or extend the holding of *Sabine Pilot*." *Id.* at 359. Noting it felt

private whistleblowers should be afforded protection, the court nonetheless was "constrained to leave the issue of private whistleblowing to the legislature and the Supreme Court." *Id.* Finally, the Sixth Court of Appeals recognized that Texas does not afford a cause of action to a plaintiff discharged for reporting an employer's illegal activities. *See Ford v. Landmark Graphics Corp.*, 875 S.W.2d 33, 34–35 (Tex.App.—Texarkana 1994, no writ).

While Mayfield argues that *Winters* is inapplicable because the supreme court analogized the plaintiff's cause of action to the Texas Whistleblower Act, *see* Texas Revised Civil Statutes Annotated art. 6252–16a (Vernon Supp.1990) (now Texas Government Code Annotated § 554.002 (Vernon 1994)), we feel appellant reads *Winters* too narrowly. In *Winters*, the supreme court discussed the employment-at-will doctrine, enumerating its few exceptions and restrictions, including the Whistleblower Act. It made no intimation that the facts of the case were analogous to the Whistleblower Act. *See Winters*, 795 S.W.2d at 724. Further, appellant has failed to provide this court with a basis for distinguishing the *Austin* opinion, which clearly refuses to expand *Sabine Pilot* to termination for internally reporting potentially illegal activity. *See* 967 S.W.2d at 402–03.

Mayfield further argues that *Ebasco Constructors, Inc. v. Rex*, 923 S.W.2d 694 (Tex. App.—Corpus Christi 1996, writ denied), is on point and dictates that the trial court's order granting summary judgment was improper. That case, however, involved a plaintiff who refused to take part in a conspiracy and other illegal acts, leading to his discharge. *See id.* at 697. As such, *Ebasco* falls squarely within the holding of *Sabine Pilot*, and it is therefore inapplicable to the present facts.

In conclusion, following the rationale of the Texas Supreme Court's holding in *Winters*, we refuse to expand *Sabine Pilot* to encompass the discharge an employee for inquiring to upper management regarding the legality of his actions. Consequently, we find that the Mayfield did not assert a cause of action

for wrongful termination. We overrule point of error one and affirm the judgment of the trial court.