UNITED STATES of America ex rel.
James **MAYFIELD** Plaintiff,

v.

**LOCKHEED MARTIN ENGINEERING
and SCIENCES COMPANY**
Defendant.

No. CIV.A.G–00–226.

United States District Court,
S.D. Texas,
Galveston Division.

Feb. 13, 2002.

Stephen J Schechter, Attorney at Law, Houston, for John # 1 Doe, Patricia Laird, James Mayfield, plaintiffs.

F Walter Conrad, Jr, Baker Botts, Houston, for John # 1 Doe, Lockheed Martin Engineering and Science Services Co, defendants.

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

KENT, District Judge.

Plaintiff James Mayfield ("Mayfield") brings this lawsuit pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730 *et seq.*, against his former employer, Defendant Lockheed Martin Engineering & Sciences Company ("Lockheed"). Although the False Claims Act provides the United States Government with the opportunity to intervene in a *qui tam* suit brought under the False Claims Act, the United States elected not to participate in this action. Now before the Court is Lockheed's Motion for Summary Judgment on grounds that (1) this action is barred by res judicata and (2) the Court lacks subject matter jurisdiction over this matter. Having considered Lockheed's Motion, Mayfield's Response, all relevant submissions by both Parties and the applicable law, the Court concludes that Lock-

heed's Motion for Summary Judgment should be **GRANTED**.

## I.

Mayfield was employed by Lockheed for over five years, beginning on November 20, 1989. Mayfield's position at Lockheed, Project Specialist, required him to oversee the contents, preparation, signing and delivery of monthly and quarterly financial reports known as "533 Reports." The 533 Reports were submitted to the National Aeronautics Space Administration ("NASA") by Lockheed pursuant to the Engineering, Test and Analysis Contract awarded to Lockheed by NASA in 1993. Another Lockheed employee, Ben Carroll, told Mayfield on three occasions that the data included in the 533 Reports was fictitious because in underestimated particular costs. Mayfield subsequently complained to higher management about Carroll's statements and what Mayfield perceived to be fraudulent data in the 533 Reports. Mayfield alleges that, as a result of these inquiries, he was laid off in March of 1995.

Several months later, Mayfield filed a wrongful discharge suit against Lockheed in Texas state court. In that suit, he alleged that Lockheed was liable under an extension of the "public policy exception" to the Texas employment-at-will doctrine, which prohibits an employer from retaliating against an employee who inquires into the legality of an act that he is ordered to perform. Lockheed subsequently filed a Motion for Summary Judgment on three grounds: (1) Mayfield's claim did not fall within a recognized exception to the Texas employment-at-will doctrine; (2) termination for internally reporting suspected wrongdoing does not support a cause of action under Texas law; and (3) Mayfield's claim was invalid, as a matter of law, because Lockheed did not ask Mayfield to commit an illegal act and he did not make an inquiry regarding the legality of his conduct to an external agency. After the trial court granted Lockheed's Motion for Summary Judgment and denied Mayfield's Motion for New Trial in November of 1996, its decision was affirmed by the Texas Fourteenth Court of Appeals, *see Mayfield v. Lockheed Eng'g & Sciences Co.*, 970 S.W.2d 185, 186 (Tex.App.-Houston [14th Dist.] 1998, pet. denied). The Texas Supreme Court subsequently refused to review Mayfield's claims. Undeterred, Mayfield filed the present *qui tam* action in this Court. The present suit is based upon allegations that are virtually identical to those that formed the basis of his prior state court action.

## II.

When a decision is rendered on the merits of a case by a court of competent jurisdiction, the judgment is conclusive for the parties "not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other matter which might have been offered for that purpose." *Nevada v. United States,* 463 U.S. 110, 129–30, 103 S.Ct. 2906, 2917–18, 77 L.Ed.2d 509 (1983). The purpose behind the doctrine of res judicata is that the "full and fair opportunity to litigate protects [a party's] adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions." *Montana v. United States,* 440 U.S. 147, 153–54, 99 S.Ct. 970, 973–74, 59 L.Ed.2d 210 (1979). Barring a claim on the basis of res judicata is a matter of law. *See Sid Richardson Carbon & Gasoline Co. v. Interenergy Resources, Ltd.,* 99 F.3d 746, 756 (5th Cir. 1996); *Israel Discount Bank Ltd. v. Entin,* 951 F.2d 311, 314 (11th Cir.1992).

As Mayfield's prior lawsuit against Lockheed was brought in Texas state court, this Court will readily give full faith

and credit to the state court judgment pursuant to 28 U.S.C. § 1738, and will apply Texas law to evaluate the effect res judicata has on the present action. *See Sid Richardson,* 99 F.3d at 756; *Hogue v. Royse City, Tex.,* 939 F.2d 1249, 1252 (5th Cir.1991). Texas law provides that four requirements must be met in order for res judicata to apply: (1) the parties must be identical in both suits; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) there must be a final judgment on the merits; and (4) the same cause of action must be involved in both actions. *See United States ex rel. Paul v. Parsons, Brinkerhoff, Quade & Douglas, Inc.,* 860 F.Supp. 370 372 (S.D.Tex.1994) (citing *Eubanks v. F.D.I.C.,* 977 F.2d 166, 169 (5th Cir.1992)). In this case, the first three requirements are clearly met. The prior state court action involved the exact same parties who are now before the Court.[1] Furthermore, the prior action was adjudicated by a Texas state court and affirmed by the Texas Court of Appeals. *See Mayfield,* 970 S.W.2d at 188. Thus, the fourth requirement for res judicata, that "the same cause of action ... be involved in both cases," is the sole issue for the Court to consider in its review of Lockheed's res judicata argument. *See Eubanks,* 977 F.2d at 169.

■ Texas courts define a "different cause of action" as "one that proceeds not only on a sufficiently different legal theory but also on a sufficiently different factual footing." *Hogue,* 939 F.2d at 1253. The plaintiff's new cause of action must differ in the theories of recovery, the operative facts and the measure of recovery in order to be classified as "different." *See id.* When examining these factors, Texas

courts employ the transactional approach to claim preclusion. *See Sid Richardson,* 99 F.3d at 756; *Paul,* 860 F.Supp. at 374; *Pustejovsky v. Rapid–Am. Corp.,* 35 S.W.3d 643, 651 (Tex.2000). This approach provides that a final judgment operates to extinguish the right to bring suit on the transaction, or series of connected transactions, out of which the cause of action arose. *See Barr v. Resolution Trust Corp.,* 837 S.W.2d 627, 631 (Tex. 1992). The factors that a Court must consider when employing the transactional approach are: (1) whether the facts are related in time, space, origin or motivation; (2) whether the facts form a convenient trial unit; and (3) whether their treatment as a trial unit conforms to the parties' expectations or business understandings or usage. *See id.*

■ Upon careful inspection of the summary judgment evidence, the Court finds that Mayfield's current lawsuit arises from the same operative facts that gave rise to the prior suit, and that Mayfield's claims that Lockheed engaged in fraudulent activities and his inquiries regarding those activities led to his dismissal were adjudicated with his prior state court lawsuit as a convenient trial unit. Although his current Complaint asserts a new theory and measure of recovery (violation of the False Claims Act), the operative facts are identical to those that were at issue in state court. Moreover, Mayfield's wrongful discharge cause of action and his False Claims Act cause of action could have formed a "convenient trial unit" in the prior state court proceedings. *See Paul,* 860 F.Supp. at 374 (holding that state and federal courts have concurrent jurisdiction

---

**1.** Mayfield argues that the instant suit does not involve the same parties as the state court action because this lawsuit was brought in the name of the United States Government. However, because the United States has de-

clined to intervene, Mayfield and Lockheed are the only two parties now before the Court. Simply put, although Mayfield is bringing this lawsuit on behalf of the United States, the United States is *not* a party to this action.

over False Claims Act cases). As such, the first two elements of the transactional approach to claim preclusion are present in this scenario. Finally, the third element of the transactional approach to claim preclusion provides that future claims will be barred if it is reasonable to presume that the parties would expect the two actions to be treated together in the original case. Given that the facts and claims in Mayfield's state and federal actions are virtually identical, the Court finds it indisputable that the two cases could have been tried together on the first go-around. *See Paul*, 860 F.Supp. at 375. Accordingly, the Court concludes that res judicata precludes litigation of the instant lawsuit, to the extent that it is based on the conduct complained of in his state court action, as a matter of law.

### III.

Mayfield is not barred by res judicata from litigating any claims arising out of conduct not complained of his prior lawsuit because "[s]ubsequent conduct, even if it is of the same nature as the conduct complained of in a prior lawsuit, may give rise to an entirely separate cause of action." *Kilgoar v. Colbert County Bd. of Educ.*, 578 F.2d 1033, 1035 (5th Cir.1978) (citing *Lawlor v. National Screen Service Corp.*, 349 U.S. 322, 75 S.Ct. 865, 99 L.Ed. 1122 (1955)). Therefore, Mayfield's present action, to the extent it is based on conduct subsequent to his prior lawsuit, is not barred by the prior litigation. This portion of his lawsuit is barred, however, by § 3730(e)(4) of the False Claims Act. *See* 31 U.S.C. § 3730(e)(4).

Section 3730(e)(4) limits the subject matter jurisdiction of the False Claims Act by stating that "[n]o court shall have jurisdiction over an action under this section based upon public disclosure of allegations or transactions in a criminal, civil, or administrative hearing . . . unless the action is brought by the Attorney General or the person bringing the action is an original source of the information." *Id.* An "original source" is "an individual who has direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the Government before filing an action under this section which is based on the information." *Id.* The Fifth Circuit's three-part inquiry for determining when the False Claims Act's public disclosure bar applies asks "(1) whether there has been a 'public disclosure of the allegations or transactions'; (2) whether the *qui tam* action is 'based upon' such publicly disclosed allegations; and (3) if so, whether the realtor is the 'original source' of the information." *Fed. Recovery Servs., Inc. v. United States*, 72 F.3d 447, 450 (5th Cir.1995) (citing Cooper v. Blue Cross & Blue Shield of Florida, Inc., 19 F.3d 562, 565 n. 4 (11th Cir.1994)). A False Claims Act *qui tam* action *"even partly based upon* publicly disclosed allegations or transactions is nonetheless 'based upon' such allegations or transaction." *Fed. Recovery Servs.* at 451 (citing *United States ex rel. Precision Co. v. Koch Indus., Inc.*, 971 F.2d 548, 552 (10th Cir.1992)).

Mayfield's claims that arise out of conduct not complained of his prior lawsuit (specifically, any allegations that fraudulent 533 Forms were submitted to NASA after the final judgment issued in his prior lawsuit) are still based, at least in part, on facts that were disclosed in his state court action. For instance, the facts with respect to the manner in which he discovered the alleged fraudulent estimates were disclosed in his state court lawsuit and are now part of the allegations giving rise to his *qui tam* claims. Moreover, Mayfield clearly does not have direct knowledge of conduct occurring at Lockheed after he filed his state court action because he was laid off from Lockheed before that suit

was filed. As such, Mayfield is not an "original source" with respect to any wrongful conduct occurring after the filing of his prior lawsuit. Consequently, all three elements of the Fifth Circuit's test for the False Claims Act jurisdictional bar are satisfied and as such, this Court lacks jurisdiction over the portion of Mayfield's lawsuit that is not barred by res judicata. Accordingly, Lockheed's Motion for Summary Judgment is hereby **GRANTED.**

**IT IS SO ORDERED.**