Affirmed and Memorandum Opinion filed May 24, 2007








Affirmed and Memorandum Opinion filed May 24, 2007

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-01104-CV

____________

 

JANETTE CARRELL, Appellant

 

V.

 

TEXAS CAREER MANAGEMENT CORPORATION D/B/A BERNARD
HALDANE ASSOCIATES, Appellee

 



 

On Appeal from the 80th District Court

Harris
County, Texas

Trial Court Cause No. 2004-33960

 



 

M E M O R
A N D U M   O P I N I O N

Janette
Carrell appeals from a grant of summary judgment in favor of the appellee,
Texas Career Management Corporation, d/b/a Haldane Associates (Haldane).  The
sole issue presented is whether the trial court erred in granting summary
judgment in favor of Haldane, pursuant to either its traditional motion or its
no-evidence motion.  We affirm the judgment of the trial court.








Factual and Procedural Background

Haldane is a career management company, specializing in
assisting clients in job searches.  Carrell was an employee of Haldane for
almost two years, before she left Haldane for a position with a different
employer.  After a year away, she was lured back to Haldane.  Upon her return,
she was familiarized with the office procedures, including use of a website,
www.careerbuilder.com, as a source of potential clients.  The password to
access this website was known to only two people at the office.  One day, less
than a month after she had rejoined Haldane, Carrell found herself at the
office without either of the individuals who knew the password for the
careerbuilder website.  Carrell spoke with the woman she believed to be the
owner of the password, Michelle Raychel, and Michelle gave Carrell a password
to access the site.  It later occurred to Carrell that the password from
Michelle appeared to belong to Administaff, another company.  Carrell spoke
with her supervisor, Robert Lewis, about the password, and told him she could
not use the password until Haldane confirmed that it had permission from
Administaff to use the password.  Approximately five weeks later, Haldane
terminated Carrell, citing as its reason that things were Ajust not working
out,@ and that she
seemed unhappy with her position at Haldane.

Carrell sued Haldane, claiming she was terminated for
refusing to perform an illegal actCusing a computer,
computer network, or computer system without the effective consent of the
owner.  Haldane moved for summary judgment in two separate motions, one
traditional,  attempting to negate elements of the cause of action as a matter
of law, and one no-evidence.  The trial court granted summary judgment, but did
not specify which motion it found meritorious.

Analysis

I.        Waiver
of Appeal as to the No-Evidence Motion








Before we address Carrell=s issue on appeal,
we must first consider Haldane=s claim that Carrell failed to attack the
no-evidence summary judgment motion and therefore that the judgmentCwhich did not
state on what ground the motions were being grantedCmust be affirmed. 
See FM Props. Operating Co. v. City of Austin, 22 S.W.3d 868, 872 (Tex.
2000).  Carrell does appear, at first glance, to have argued that the trial
court erred only as to granting the traditional motion for summary judgment. 
Carrell=s brief does not
mention Ano-evidence,@ it cites only the
standard of review for a traditional motion for summary judgment, and Carrell
failed to include the no-evidence motion itself in the clerk=s record.  As a
result, Haldane argues that Carrell has failed to appeal one of the grounds
upon which the trial court could have based its judgment, and this failure
entitles Haldane to affirmance.  But Carrell replies that she has assigned
error as to the no-evidence point because her argumentCthat she has
raised a genuine issue of material fact on the Sabine Pilot elementsCis the same,
whether she is addressing the traditional motion or the no-evidence motion. 

If a trial court grants summary judgment without specifying
the grounds relied on, the reviewing court must affirm if any of the summary
judgment grounds are meritorious.  Id.  The appellant must assign error
and provide argument challenging  each independent ground for summary judgment or
the judgment will be affirmed on the ground not complained of.  Wortham v.
Dow Chem. Co., 179 S.W.3d 189, 198 (Tex. App.CHouston [14th
Dist.] 2005, no pet.);  Nabors Corp. Servs., Inc. v. Northfield Ins. Co.,
132 S.W.3d 90, 95 (Tex. App.CHouston [14th Dist.] 2004, no pet.).       








We note the Texas Supreme Court=s preference for a
liberal construction of the appellate rules, so that cases are decided on
substance rather than procedural technicality.  Motor Vehicle Bd. of Tex.
Dept. of Transp. v. El Paso Indep. Auto, 1 S.W.3d 108, 111 (Tex. 1999). 
Even though different standards and scopes of review are used when reviewing
traditional and no-evidence motions for summary judgment, the substance of
Carrell=s argumentCthat she raised
genuine issues of material factCwould be the same no matter which motion
she was addressing because the motions essentially raised the same issues.  In
both of her briefs, Carrell reviewed the evidence in support of each element of
her cause of action that Haldane claimed was unsupported by evidence.  Because
we have been given sufficient argument and authorities to decide the appeal on
substance rather than on a technicality, we choose to address Carrell=s arguments. 
Therefore, we hold that Carrell did not waive her challenge to the no-evidence
motion for summary judgment.

II.       No
Evidence Motion

Having decided the initial waiver issue, we turn next to
Carrell=s issue and
specifically to whether the trial court erred if it granted summary judgment on
the no-evidence motion.

A.      Standard
of Review 

In reviewing a no-evidence summary judgment, we effectively
consider only the evidence contrary to the motion.  City of Keller v. Wilson,
168 S.W.3d 802, 825 (Tex. 2005).  We view the evidence in the light most
favorable to the nonmovant, indulging every reasonable inference and resolving
any doubts against the motion.  Id. at 824.  If the non-movant brings
forth more than a scintilla of probative evidence raising a genuine issue of
material fact, then the summary judgment is improperly granted.  King Ranch,
Inc. v. Chapman, 118 S.W.3d 742, 751 (Tex. 2003).  More than a scintilla of
evidence exists when the evidence "rises to a level that would enable
reasonable and fair‑minded people to differ in their conclusions.@  Id.  

B.      Express
Request Irrelevant

A
plaintiff must Aprove by a preponderance of the evidence that his discharge
was for no reason other than his refusal to perform an illegal act.@  Sabine Pilot v. Hauck, 687
S.W.2d 733, 735 (Tex. 1985).  The parties argue whether a cause of action under
Sabine Pilot requires that an express request or demand be made of the
employee to do the illegal act.  Haldane urges that Ed Rachal Found. v. D=Unger, 207 S.W.3d 330 (Tex. 2006), from
the Supreme Court and Mayfield v. Lockheed Eng=g & Sciences Co., 970 S.W.2d 185 (Tex. App.CHouston [14th Dist.] 1998, pet.
denied), from this Court militate in favor of such a requirement.  However, we
need not decide this question because either interpretation requires the plaintiff
to prove that the act she refused to perform was illegal.  Here, Carrell has
not shown that the act she refused to do was illegal. 








C.      Carrell=s Evidence Did Not
Present A Genuine Issue of Material Fact as to Illegality 

In response to the
no-evidence motion, Carrell must have presented more than a scintilla of
evidence to show that accessing the website would have been illegal.  Under the
penal code, Carrell must show that she was required to Aknowingly access[
] a computer, computer network or computer system without the effective consent
of the owner.@  Tex. Pen. Code ' 33.02(a).  An Aowner@ is one who: 

$                  
has title to
the property, whether lawful or not, or has a greater right of possession of
the property; or 

$                  
can restrict
access to the property; or 

$                  
is
a licensee.

Id. ' 33.01(15).

As for the property that was misused, the parties assume
without specifically arguing that both the password and the Career Builder
website qualify as property; for purposes of addressing Carrell's argument, we
will assume that with them.  However, Carrell did not rely on such a broad
definition in her petition and response to the motion for summary judgment. 
Carrell limited herself in the trial court to misuse of the password and
specifically her misuse of the Administaff password and Haldane's misuse of Administaff's
password.  She never complained in the trial court that Haldane did not have
Career Builder's consent to use the password or its website or that she was
fired because she refused to use the website.  She generally referred to
accessing the website, but the website was mentioned only to say that Haldane
illegally used Administaff's password to access the website.  Thus, at one
point in her response she declared, APlaintiff told
[Haldane=s manager] that
she could not use the password until [ Haldane] confirmed that Administaff knew
and agreed with its use.@  And later, she reiterated the point by
saying, A[Haldane]
terminated [Carrell] for the sole reason that she refused to use a
password that belonged to another Company without its permission.@  (emphasis in
original)  Because of this, we limit our consideration to the proof Carrell
presented to the trial court that Haldane illegally used Administaff=s password.








Carrell presented no evidence regarding who was the Aowner@ of the
Administaff password beyond an assumption that Administaff owned the password. 
Likewise, she presented no evidence that Michelle Raychel was or was not an Aowner@ within the
meaning of the statute.  She did not present the court with any licensing or
other agreement proving who was authorized to use the password. 

She presented evidence that only Scott Raychel, a salesman
with Haldane, could sign onto the careerbuilder.com website.  Some evidence
shows that the username and password Scott Raychel used belonged to Scott=s ex-wife,
Michelle, and that Ian McClure, Haldane=s president and
owner, had approved using the password as a test to see if it would be cost
effective for McClure to purchase his own username and password.  This is
perhaps some evidence showing that the password did not belong to Haldane.  

However, it does not prove who was the owner of the
password for purposes of the statute, nor does it show that Haldane did not
have the owner=s consent to use the password.  If Michelle was an
owner of the password, she might be able to  authorize both Scott Raychel and
Carrell to use it; that would depend on the agreement with Career Builder or
with Administaff or both.  As it is, the record contains only conjecture
without any proof of who owned the password.  Lacking this, Carrell's
allegations are based on stacked inferences that fall because they have no
support.

As a result, the trial court correctly entered judgment on
Haldane=s no-evidence
motion for summary judgment.  See FM Props. Operating Co., 22 S.W.3d at
872.  Since we affirm the grant of the no-evidence summary judgment, we need
not address the traditional motion.  See Taylor v. Carley, 158 S.W.3d 1,
8 (Tex. App.CHouston [14th Dist.] 2004, pet. denied).








Conclusion

Having overruled Carrell=s sole issue on
appeal, we affirm the judgment of the trial court. 

                                                                              

 

 

 

 

/s/         Wanda McKee Fowler

Justice

 

 

 

 

Judgment rendered and Memorandum
Opinion filed May 24, 2007.

Panel consists of Justices Fowler,
Edelman, and Frost.