**Paul Andrew WINSHIP, Appellant,**

v.

**Jill S. GARGUILLO, Appellee.**

**No. 10–87–157–CV.**

Court of Appeals of Texas, Waco.

June 23, 1988.

Rehearing Denied July 21, 1988.

David M. Ward, Wilson, Grosenheider & Burns, Austin, for appellant.

Russell H. McMains and Kimberly Hall Segar, McMains & Constant, Corpus Christi, for appellee.

HALL, Justice.

On June 23, 1986, appellant filed his "Application to Vacate Judgment" requesting the trial court to set aside a default judgment rendered against him on October 16, 1985, in favor of appellee for $500,000.00. The application alleged that it was filed pursuant to the provisions of the Soldiers' and Sailors' Civil Relief Act found in 50 U.S.C.App. § 520(4). The statute reads:

> (4) If any judgment shall be rendered in any action or proceeding governed by this section against any person in military service during the period of such service or within thirty days thereafter, and it appears that such person was prejudiced by reason of his military service in making his defense thereto, such judgment may, upon application, made by such person or his legal representative, not later than ninety days after the termination of such service, be opened by the court rendering the same and such defendant or his legal representative let

in to defend; provided it is made to appear that the defendant has a meritorious or legal defense to the action or some part thereof. Vacating, setting aside, or reversing any judgment because of any of the provisions of this Act [said sections] shall not impair any right or title acquired by any bona fide purchaser for value under such judgment.

Appellant alleged in his application that he was in military service when the judgment was taken against him; that he "is entitled to have the judgment vacated" because he was prejudiced by reason of his military service in making his defenses; and that he was unable to file a motion for new trial or appeal the judgment when it was taken. Appellant's affidavit filed with the application set forth that appellee's lawsuit that resulted in the judgment was based upon an "accident" between the parties when appellee was riding a bicycle. In the application to have the judgment set aside appellant alleged that he has a meritorious defense to appellee's cause of action based upon specified acts of negligence committed by appellee that caused the accident and appellee's damages.

The application was heard on July 20, 1987, and the written order of the trial court denying the application was signed that day. Appellant filed his cash deposit for security for costs on appeal with the clerk of the trial court on August 5, 1987, to perfect this appeal from the order denying the application.

Appellee asserts that we do not have jurisdiction of the appeal. In support of her motion to dismiss the appeal for want of jurisdiction she likens appellant's application to vacate the default judgment to a motion for new trial. She argues that under the rules attending motions for new trial the trial court did not have jurisdiction in July 1987 to hear and rule on the application to vacate judgment because the application had been overruled by operation of law and the default judgment had become final long before that time. She contends that we are without jurisdiction because the timetable for perfecting the appeal was set in motion when the application to va-

cate judgment was overruled by operation of law; that a timely filing of appellant's security for costs on appeal was mandatory for appellate court jurisdiction; and that appellant's deposit for costs, based upon the date of the trial court's order denying the application, was not timely.

We disagree with appellee, and we overrule the motion to dismiss.

The timetable rules relied on by appellee are Rule 329b(a) and (c), Texas Rules of Civil Procedure, and concomitantly Rules 40 and 41, Texas Rules of Appellate Procedure. Rule 329b(a) and (c) provide in pertinent parts as follows:

(a) A motion for new trial, if filed, shall be filed prior to or within thirty days after the judgment or other order complained of is signed.

．　　．　　．　　．　　．

(c) In the event [a] ... motion for new trial ... is not determined by written order signed within seventy-five days after the judgment was signed, it shall be considered overruled by operation of law on expiration of that period.

Rules 40 and 41, Tex.Rules App.Proc., dealing with the perfection of appeals in civil cases, provide in part:

40(a)(1) When security for costs is required by law, the appeal is perfected when the bond, cash deposit or affidavit in lieu thereof has been filed or made.

41(a)(1) When security for costs on appeal is required, the bond or affidavit in lieu thereof shall be filed with the clerk within thirty days after the judgment is signed, or, within ninety days after the judgment is signed if a timely motion for new trial has been filed by any party. If a deposit of cash is made in lieu of bond, the same shall be made within the same period.

Since there are no special procedures set forth in the federal statutes or rules or in those of our state for hearing and ruling on an application filed under 50 U.S.C.App. § 520(4), or for perfecting an appeal of the ruling on the application, the general rules of our state procedures surrounding such matters must have been intended by the

Congress to apply in this state court case, provided, of course, that the purpose of the statute is protected and served.

■ Treating appellant's application as a motion for new trial under our state procedural rules would require that the signing of the underlying judgment be considered as having been done on the day that the application was filed in June 1986, rather than when the judgment was actually signed in October 1985; else, under Rule 329b(a) and (c), and Rules 40 and 41, the application would have been overruled by operation of law and the time for perfecting an appeal would have expired before the application was filed. There is provision in Rule 306a, paragraph seven, Texas Rules of Civil Procedure, for considering the judgment as having been signed on the day that the motion for new trial is filed following service by publication, but there is no such provision in Rule 329b(a) and (c) which apply by their terms to a motion for new trial filed within thirty days after the signing of the judgment when the court still has plenary power to grant such motion. See Rule 329b(d) and (e).[1] Plainly, Rule 329b(a) and (c) do not fit our case, and we hold they do not control here.

Rule 329b(f) provides in part that, "On expiration of the time within which the trial court has plenary power, a judgment cannot be set aside by the trial court except by bill of review for sufficient cause, filed within the time allowed by law."

Paragraphs (a) through (e) of Rule 329b provide the procedure for a party to secure a new trial within the time that the trial court still has plenary power to grant such relief; whereas, paragraph (f) of the Rule provides the procedure for obtaining a new trial after the time within which the trial court has plenary power has expired. Plainly, granted the choice of treatment under Rule 329b, appellant's application under federal statute should be treated as a bill of review under Rule 329b(f) rather than as a motion for new trial since the trial court had lost plenary power to set aside the judgment when the application was filed. Moreover, the application and a bill of review have as a common element for relief the requirement that the defendant establish that he has a meritorious defense to the action that produced the judgment he wants set aside. See *Baker v. Goldsmith,* 582 S.W.2d 404, 408 (Tex.1979), for the elements of a bill of review under Rule 329b(f) that include proof of a meritorious defense. Furthermore, there is precedent in the Texas cases for treating the application to be in the nature of a bill of review. See *Becknell v. D'Angelo,* 506 S.W.2d 688 (Tex.Civ.App.—Fort Worth 1974, writ dism'd).

■ A bill of review is an independent equitable action brought by a party to a former action seeking to set aside a judgment which is no longer appealable or subject to a motion for new trial. *Baker v. Goldsmith,* 582 S.W.2d 404, 406 (Tex.1979). It may not be used by a party who neglects to urge a motion for new trial or appeal when he has time to do so, and it may not be used as an additional remedy after a party has timely filed a motion to reinstate and a motion for new trial and has made a timely appeal that was unsuccessful. *Rizk v. Mayad,* 603 S.W.2d 773, 776 (Tex.1980). The time limitation on the filing of the bill of review action is four years. 48 Tex. Jur.3d 204, Judgments § 260. By express terms of the federal statute, the time limitation for filing the application provided in the statute for setting aside a judgment is ninety days after termination of the defendant's military service.

Treatment of the application as a bill of review under our state practice rather than as a motion for new trial would better serve the purpose of the federal statute to

---

1. **Rule 329b(d).** The trial court, regardless of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after the judgment is signed.

  **Rule 329b(e).** If a motion for new trial is timely filed by any party, the trial court, regard- less of whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment until thirty days after all such timely-filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first.

provide opportunity for making a valid defense that the defendant was prejudiced from making by reason of his military service. The statute should be liberally construed and applied to accomplish that purpose. *Womack v. Berry*, 156 Tex. 44, 291 S.W.2d 677, 681 (1956).

In light of the purpose of the federal statute, the rule for liberal construction in favor of that purpose, and the fact of a timely filing of appellant's application of the statute long after the trial court had lost plenary power over the judgment, we hold that treatment of the application as a motion for new trial, which would deny appellant the hearing accorded by the statute, would be improper. The application is more in the nature of a bill of review under our state procedure, an independent action for setting aside the judgment. The trial court had jurisdiction over this action. Since the appeal was timely perfected based upon the order denying the application, we have jurisdiction. Appellee's motion to dismiss the appeal for want of jurisdiction is denied.

The judgment denying appellant's application to vacate the judgment recited two grounds alternatively: (1) that the trial court did not have jurisdiction and (2) that appellant was not prejudiced in making his defense by reason of his military service. Appellant attacks both grounds in his two points of error.

The ground of no jurisdiction was based upon the trial court's conclusion that the application was a motion for new trial and that by the time of the hearing the court had lost jurisdiction under Rule 329b(c). We have already ruled that this theory is invalid, and that the trial court had jurisdiction.

▮ Nevertheless, we agree with appellee that the record supports the trial court's determination that appellant was not prejudiced in making his defense by reason of his military service. On this holding, we affirm the judgment.

In connection with the hearing on appellant's application under the federal statute, appellee served appellant with requests for admission, among others, that:

a. Appellant received service of citation in the case on July 24, 1985.

b. The service on appellant was in Coryell County, Texas.

c. On July 25, 1985, appellant notified his insurance carrier that he had been served with citation.

d. On July 25, 1985, appellant gave a copy of the petition in the case to his insurance carrier.

e. The insurance carrier failed to answer the petition for appellant.

f. Appellant did not leave the United States until after October 16, 1985.

g. Appellant was not prevented by reason of his military service from filing an answer in the case.

h. Appellant was not prevented by reason of his military service from filing a motion for new trial in the case.

i. Appellant was not prevented by reason of his military service from filing an appeal of the judgment in the case.

j. The Clerk of 52nd Judicial District Court of Coryell County, Texas, mailed notice of the judgment in accordance with the Texas Rules of Civil Procedure.

k. Appellant received notice of the judgment within the month of October, 1985.

l. Appellant received notice of the judgment that was mailed by the Clerk of the District Court.

m. Within twenty days of the date of the judgment, appellant received actual knowledge of the judgment.

n. During 1985 and 1986, appellant could have received leave from his military service in order to "take care of this lawsuit."

o. During the pendency of the suit, appellant has not requested leave from his military service in order to take any action with regard to this suit.

If true, the facts for admission in these requests clearly establish that appellant was not prejudiced by reason of his military service in answering and defending appellee's suit for personal injury damages,

from filing a timely motion for new trial, or from perfecting a timely appeal.

Appellant did not answer the requests for admissions. He was not present at the hearing on his application, and his absence is not explained in the appellate record. However, he did offer evidence at the hearing, by way of his affidavit and by way of stipulations by the parties as to what his testimony would be if he were present at the hearing, that would have disputed some of the facts in the requested admissions and also set up a meritorious defense. Unanswered requests for admissions are deemed admitted "without necessity of a court order" and any matter thus admitted is "conclusively established" as being true. Rule 169, Vernon's Tex.Rules Civ.Proc. Thus the facts admitted may not be contradicted by evidence at the trial. *Shaw v. National County Mut. Fire Ins. Co.*, 723 S.W.2d 236, 238 (Tex.App.—Houston [1st Dist.] 1986, no writ); *Laycox v. Jaroma, Inc.*, 709 S.W.2d 2, 3 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.).

The judgment is affirmed.

