Paul Andrew WINSHIP, Petitioner,

v.

Jill S. GARGIULO, Respondent.

No. C–7893.

Supreme Court of Texas.

Nov. 23, 1988.

Rehearing Denied Jan. 4, 1989.

David M. Ward, Wilson, Grosenheider & Burns, Austin, for petitioner.

Russell H. McMains and Kimberley Hall Seger, McMains & Constant, Corpus Christi, for respondent.

PER CURIAM.

Pursuant to the Soldiers' and Sailors' Civil Relief Act, Paul Winship is seeking to set aside a default judgment taken in a personal injury case. *See* 50 U.S.C.App. § 520 (1982). The trial court ruled that it was without jurisdiction to consider the motion, and that if it did have jurisdiction, Winship had failed to show that his military service prejudiced his ability to make a defense to the claim asserted against him. The court of appeals affirmed. 754 S.W.2d 360. We deny Winship's application for writ of error.

In denying the writ, however, we note our disapproval of the court of appeals' characterization of this motion. The court of appeals attempted to classify this action as either a motion for new trial or a bill of review. It is neither. The statute clearly creates a distinct right for which relief may be sought. *See Commercial Credit Corp. v. Smith,* 143 Tex. 612, 187 S.W.2d 363 (1945); *Arenstein v. Jencks,* 179 S.W.2d 831 (Tex.Civ.App.—San Antonio 1944, writ dism'd w.o.j.); 10 C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 2692 (1983). There is no reason that this federally created procedure should be required to fit within one of our state's existing procedures for vacating a default judgment. The application for writ of error is denied.