TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00321-CV






Darrell Hawkins, Appellant



v.



Linda Lou Hawkins, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 146TH JUDICIAL DISTRICT


NO. 162,284-B, HONORABLE RICK MORRIS, JUDGE PRESIDING






 Pursuant to the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.A. §§ 501-593 (West 1990 & Supp. 1998) (hereinafter the "Act"), appellant Darrell Hawkins filed an original
application to set aside a final divorce decree granted to appellee Linda Lou Hawkins. Following
a trial on the merits, the trial court denied appellant's application. We will affirm in part and
reverse and remand in part, with special instructions.


FACTUAL AND PROCEDURAL BACKGROUND



 Darrell Hawkins and Linda Lou Hawkins were married in 1981. Appellee filed a
petition for divorce in June 1992 and amended her petition in March 1993. The amended petition
listed three children as having been born to appellant and appellee: Michael Gerrard Hawkins;
Ashley Nicole Hawkins; and Reginald Alexander Hawkins. Another child, Lorenzo Woods, was
born to appellee during her marriage to appellant, but was not included in the amended petition. 
The parties agree that appellant is not the biological father of Lorenzo Woods.

 On March 30, 1993, a hearing was held on the merits of appellee's divorce petition. 
Appellant did not answer or appear at this hearing; as a result, the trial court rendered judgment
against appellant in the form of a Final Divorce Decree. The decree granted the divorce, ordered
appellant to pay child support for the three children listed in the amended petition, and awarded
appellee a 21.25% interest in appellant's United States Army disposable retirement pay and
21.25% of all future increases in that retirement. The parties agree that at all times relevant to
the divorce proceedings, and particularly the date the Final Divorce Decree was rendered,
appellant was serving as a member of the United States Army.

 In 1996, pursuant to the Act, appellant filed an Original Application to Set Aside
Final Decree of Divorce and/or Original Petition for a Bill of Review requesting the reopening of
certain portions of the divorce decree. Appellant was still in the army when he filed this
application. Following a trial on the merits, the trial court denied appellant's application.

 Appellant complains on appeal that the trial court abused its discretion in denying
his application to reopen the divorce decree in order to relitigate those portions addressing: (1) the
paternity of two of the children listed in the Final Divorce Decree, Ashley Nicole and Reginald
Alexander, and the related order for child support of those children; (2) the amount of military
retirement benefits awarded to appellee; and (3) the failure of the decree to include an express
finding that appellant is not the biological father of Lorenzo Woods. Appellant also complains of
the legal and factual sufficiency of the evidence to support certain findings of fact and conclusions
of law filed by the trial court.


DISCUSSION



 The Act provides certain protections to members of the armed services from default
judgments being taken against them during their tenure in the service. See 50 U.S.C.A. § 520
(1990). The Act sets forth certain procedures to be followed before a default judgment may be
rendered against a service member; specifically, the plaintiff must file an affidavit stating that: 
(1) the defendant is not currently in the military; (2) the defendant is currently in the military; or
(3) the plaintiff is unable to ascertain whether the defendant is currently in the military. See id. 
If the defendant is either in the military or the plaintiff does not know his military status, a
judgment can be rendered only after an attorney has been appointed to represent the defendant. 
See id.


Requirements of 50 U.S.C.A. § 520


 The parties agree that appellee failed to submit the required affidavit with her
Original Petition for Divorce. Although she later amended her petition to allege appellant's
military status, she still did not file the required affidavit. The record also shows that the trial
court did not appoint counsel to represent appellant before rendering the Final Divorce Decree. 
Appellant complains that the trial court abused its discretion in refusing to set aside the divorce
decree as void when faced with this conclusive proof that the section 520 requirements were
ignored. We disagree.

 A default judgment taken without following all the requirements of section 520 is
not void, but merely voidable. See Mims Bros. v. N.A. James, Inc., 174 S.W.2d 276, 278 (Tex.
Civ. App.--Austin), writ ref'd on other issue, 175 S.W.2d 74 (Tex. 1943); see also Borrego v.
Palacio, 445 S.W.2d 620, 622 (Tex. Civ. App.--El Paso 1969, no writ). But see McDaniel v.
McDaniel, 259 S.W.2d 633, 635 (Tex. Civ. App.--Beaumont 1953, no writ) (reversible error to
deny application to set aside judgment where section 520 requirements not complied with). (1)
Because the protections of the Act are exclusively for the benefit of the serviceman, it is only upon
his insistence that the judgment may be found to be invalid, and then only upon the proper
showing of prejudice. See id. We hold that it was not an abuse of discretion to refuse to find the
divorce decree was void based solely on a failure to comply with section 520.


Application to Set Aside


 Even though the divorce decree was not void as a matter of law, it was still voidable
upon application and proper showing by the appellant. Section 520(4) governs when and how a
default judgment taken against a serviceman during a period of military service may later be
reopened by the court originally rendering judgment: 


If any judgment shall be rendered in any action or proceeding governed by this
section against any person in military service during the period of such service or
within thirty days thereafter, and it appears that such person was prejudiced by
reason of his military service in making his defense thereto, such judgment may,
upon application, made by such person or his legal representative, not later than
ninety days after the termination of such service, be opened by the court rendering
the same and such defendant or his legal representative be let in to defend;
provided it is made to appear that the defendant has a meritorious or legal defense
to the action or some part thereof.



50 U.S.C.A. § 520(4).


 Appellant contends the trial court abused its discretion in failing to reopen the
divorce decree because he met the requirements of section 520(4). (2) Specifically, appellant argues
that, as to the issue of the paternity of Ashley Nicole and Reginald Alexander, the related issue
of child support of those children, and the amount of military retirement benefits awarded to
appellee, he has shown he was prejudiced by his military service and that he had a meritorious
defense to these adverse findings.


 1.  Prejudice


 The purpose of the Act is to prevent prejudice to the rights of a soldier because of
his inability to defend himself due to his military service; therefore, the statute should be liberally
construed. See Womack v. Berry, 291 S.W.2d 677, 678 (Tex. 1956). During the trial on the
merits of appellant's application to reopen the divorce proceedings, appellant testified extensively
as to his inability to obtain leave in order to defend against the contested portions of the petition
for divorce. Appellant also filed documentary evidence confirming that he was either out of Texas
or out of the country on military duty during the pendency of the divorce proceedings and on the
date of the hearing resulting in the Final Divorce Decree. Appellant testified that he spoke with
an attorney upon receiving the divorce petition and was told it would take between six months and
a year to litigate his paternity dispute alone; that he was unable to obtain leave in order to travel
to Texas to defend himself; and that as soon as he returned to Fort Hood, Texas, he sought legal
assistance regarding the adverse findings contained in the divorce decree. There was no evidence
presented to controvert appellant's testimony and supporting documentation that he was unable to
obtain the leave from military service necessary to properly conduct a defense.

 We believe that the inability to obtain leave from military service in order to
conduct a proper defense is exactly the type of situation the Act was created to address. Other
courts have looked to the ability to obtain leave in determining whether the soldier has shown
prejudice by reason of military status. See Winship v. Garguillo, 754 S.W.2d 360, 364 (Tex.
App.--Waco) (facts did not clearly establish prejudice where no evidence soldier was unable to
obtain leave and no indication soldier sought leave), writ denied per curiam, 761 S.W.2d 301
(Tex. 1988); Power v. Power, 720 S.W.2d 683, 685 (Tex. App.--El Paso 1986, writ dism'd)
(soldier presented no evidence he was unable to obtain leave to appear at trial); see also Roark v.
Roark, 201 S.W.2d 862, 864 (Tex. Civ. App.--Dallas 1947, no writ) (stay of proceedings should
be granted where no evidence soldier could get leave to attend hearing).

 Further, appellant testified how he was injured by his inability to defend himself. 
Because he could not appear at the hearing for divorce, he was unable to contest appellee's
assertion that he was the father of Ashley Nicole and Reginald Alexander; consequently, he was
ordered to pay child support for these children without the benefit of paternity testing. As to the
award of military-retirement benefits, the divorce decree shows that the award was calculated as
though appellant had already retired from the military at the time the decree was signed. 
Appellant argues that, pursuant to the Uniformed Services Former Spouses' Protection Act
("USFSPA"), the determination of what portion of appellant's military retirement benefits appellee
was entitled to should have been calculated taking into account his status as a non-retired
serviceman, along with his grade and salary. See 10 U.S.C.A. §§ 1401, 1408 (West 1998). 
Appellant asserts that had it been properly calculated, the amount of retirement awarded to
appellee would have been less than that awarded. The prejudice suffered by appellant by not being
able to defend against this allegedly erroneous calculation of retirement benefits awarded to
appellee is self-evident.

 Considering the record as a whole, we find overwhelming evidence that appellant
was prejudiced in presenting his defense to the divorce petition by reason of his military status in
that he was unable to contest his presumed paternity of Ashley Nicole and Reginald Alexander,
was ordered to pay child support for those children, and was unable to contest the miscalculation
of the military retirement benefits awarded to appellee.


 2.  Meritorious Defense


 Appellant contends he presented substantial evidence of a meritorious defense
against his presumed paternity of Ashley Nicole and Reginald Alexander and the resulting order
to pay child support, as well as the award of 21.25% of his retirement pay. We agree.

 Section 520(4) allows for the opening of a default judgment "provided it is made
to appear that the defendant has a meritorious or legal defense to the action or some part thereof." 
See 50 U.S.C.A. § 520(4). We consider the defendant's burden under that section to be analogous
to a defendant's burden to set forth prima facie evidence of a meritorious defense when seeking
a bill of review of a default judgment. (3) See, e.g., Bush v. 2410 Hamilton Bldg. Venture, 951
S.W.2d 192, 195 (Tex. App.--Houston [14th Dist.] 1997, pet. denied) (in seeking bill of review,
defendant must provide prima facie evidence of meritorious defense to underlying suit).

 The record in the present appeal provides ample evidence to sustain this burden. 
First, in her answers to interrogatories and admissions, appellee admitted she had engaged in
sexual intercourse with men other than appellant during their marriage, including during the time
period when Ashley Nicole and Reginald Alexander were conceived. Although she later recanted
this statement in her "supplemental" answers, appellant testified that, regardless, he did not
engage in sexual intercourse with appellee after the parties separated in January 1984, ten months
before the birth of Ashley Nicole and more than two years before the birth of Reginald Alexander.
 Appellant testified that he did not believe he was the father of the two children because he was
not having sexual relations with appellee during the conception period of either child, and he
provided documentary evidence to support his statement that he was outside of Texas during much
of the relevant time frame.

 The record further shows that appellant set forth a meritorious defense to the
improperly awarded military benefits. Appellant referred the trial court to the portions of the
divorce decree showing that appellee had been awarded a portion of appellant's military retirement
calculated as if he were already retired on the date of the divorce decree. He then pointed out to
the court that this was a miscalculation under the USFSPA, resulting in an inflated award. We
agree.

 In summary, we conclude that appellant met his burden under section 520(4) to
show prejudice by reason of military status and a meritorious defense to support his application
to reopen the final divorce decree to (1) require paternity testing of Ashley Nicole and Reginald
Alexander; (2) reassess the child-support order for those children pursuant to the paternity results;
and (3) recalculate the award of military retirement benefits based on the method outlined in the
USFSPA. While we recognize that the trial court had a range of discretion in this matter, we
conclude, given the record before us, that the court abused its discretion when it denied appellant's
application to relitigate those issues. Accordingly, appellant's point of error is sustained.


Divorce Decree Omits Lorenzo Woods


 In his fifth point of error, Appellant complains that the trial court abused its
discretion in refusing to set aside the divorce decree due to the failure of the decree to mention
Lorenzo Woods.

 Lorenzo Woods was born to appellee during her marriage to appellant. The parties
agree, however, that appellant is not Lorenzo's biological father. Nevertheless, because Lorenzo
was born during the parties' marriage, appellant is the presumed father. See Tex. Fam. Code
Ann. § 151.002 (West 1996). Appellee's petition for divorce made no mention of Lorenzo
whatsoever; as a result, he is not named in the divorce decree. Appellant argues that because the
decree fails to clarify that Lorenzo, although born during the marriage, was not the biological
child of appellant, he remains presumptively appellant's biological child. This, according to
appellant, has the potential to adversely effect him in the future in that, among other things, upon
appellant's death Lorenzo would stand as a surviving child entitled to inherit under the probate
code. See Tex. Prob. Code Ann. §§ 38, 48 (West 1980).

 A man presumed to be the father of a child has the right to contest his presumed
paternity. See Fam. Code §§ 160.101, .110 (West 1996 & Supp. 1999). Appellant specifically
requested that the trial court reopen the divorce decree so that he could exercise his right to have
the paternity of Lorenzo adjudicated. Because this request was denied, paternity has not been
adjudicated, and appellant remains presumptively the biological father of Lorenzo.

 We have already found that appellant met his burden under the Act to show he was
prejudiced by reason of his military service from defending against the divorce decree. He has
also met his burden to show a meritorious defense against his presumed paternity in that appellee
agrees Lorenzo is not appellant's biological child. Given these particular factual circumstances,
we believe that appellant is entitled to reopen the divorce decree to obtain an adjudication of
Lorenzo's paternity. The point of error is sustained.

Estoppel


 Appellee argued before the trial court that appellant should be estopped from
attacking the finality of the divorce decree because he relied on it by remarrying and by paying
child support. The trial court agreed, stating in its conclusions of law that appellant waived his
right to contest the paternity of the children or to otherwise attack the divorce decree. (4) In his sixth
point of error, appellant asserts that, as a matter of law, his actions only estopped him from
attacking that portion of the decree that dissolved the marriage, but did not prevent him from
attacking the portions dealing with paternity, child support, and military benefits. We agree.

 We review challenges to conclusions of law de novo, examining the legal
conclusions drawn from the facts to determine their correctness. See, e.g., Circle C Child Dev.
Ctr., Inc. v. Travis Central Appraisal Dist., 981 S.W.2d 483, 485 (Tex. App.--Austin 1998, no
pet.). The trial court's conclusions will be upheld on appeal if the judgment can be sustained on
any legal theory supported by the evidence. See Westech Eng'g, Inc. v. Clearwater Constructors,
Inc., 835 S.W.2d 190, 196 (Tex. App.--Austin 1992, no writ); Simpson v. Simpson, 727 S.W.2d
662, 664 (Tex. App.--Dallas 1987, no writ).

 It has long been established that, based on a theory of estoppel, a person "cannot
treat a judgment as both right and wrong, and if he has voluntarily accepted the benefits of a
judgment, he cannot afterwards prosecute an appeal therefrom." Carle v. Carle, 234 S.W.2d
1002, 1004 (Tex. 1950). However, an exception to this rule exists where "the reversal of a
judgment cannot possibly affect an appellant's right to the benefit secured under a judgment, then
an appeal may be taken." Id. Stated another way, where a party accepts only that part of the
judgment that the other party concedes is due to him, he is not estopped from appealing on the
ground that he is entitled to further recovery. See id.

 Applying the Carle acceptance-of-the-benefits doctrine, it is also established law
that remarriage by a party to a divorce estops that party from attacking the marriage dissolution,
but does not estop an attack on other portions of the decree, such as child support or child custody. 
See, e.g., Vinklarek v. Vinklarek, 596 S.W.2d 197, 200 (Tex. Civ. App.--Houston [1st Dist.]
1980, writ dism'd); McFarland v. Reynolds, 513 S.W.2d 620, 624 (Tex. Civ. App.--Corpus
Christi 1974, no writ). In this point of error, appellant does not seek to set aside that portion of
the divorce decree dissolving the parties' marriage. Appellant asks only that the decree be set
aside as to the issue of paternity, the related issue of child support, and the amount of military
retirement benefits due to appellee. We hold that the mere fact that appellant has accepted the
benefit of the divorce by his remarriage does not estop him from attacking these portions of the
divorce decree.

 As to the assertion that appellant should be estopped from attacking the divorce
decree because he has paid child support, appellee misconstrues the acceptance-of-the-benefits
doctrine. Carle precludes a litigant from accepting the benefits of a judgment and then
subsequently challenging that portion of the judgment affording him those benefits. See 234
S.W.2d at 1004. The order that appellant pay child support, however, does not afford appellant
a benefit, but rather creates an obligation. We do not believe that appellant, by acquiescing to the
court-ordered income-withholding statement for child support, has accepted a benefit of the
divorce decree so as to estop him from challenging it.

 Accordingly, we hold that appellant is not estopped from contesting those portions
of the divorce decree at issue based on his remarriage or paying of child support.


Other Issues


 In his fourth point of error, appellant asks this Court to reverse the trial court's
denial of his application to reopen the divorce decree because no record was made of the
proceeding granting appellee a divorce as required by the Family Code. See Fam. Code § 105.003
(West 1996). In his seventh point of error, appellant complains that the trial court erred in
characterizing his application to set aside the divorce decree as a bill of review. In his eighth point
of error, appellant argues, alternatively, that he met the requirements to sustain a bill of review. 
In points of error two and three, appellant complains that the Final Divorce Decree was based on
an amended pleading that was never served on him, and he attacks the trial court's finding that the
amended petition was considered as a supplemental petition. Because we have determined that
appellant is entitled to a reopening of the divorce proceedings in order to relitigate the issues of
paternity, child support, military benefits, and the omission of Lorenzo Woods from the decree,
we need not address these complaints.


CONCLUSION


 We hold that the trial court did not err in refusing to declare the original divorce
decree void and affirm that part of the trial court's judgment. We hold that the trial court abused
its discretion in refusing to reopen the default divorce pursuant to the Act to allow for paternity
testing of Ashley Nicole and Reginald Alexander, along with a reassessment of child support
dependent upon the outcome of the test; for a proper calculation of military retirement benefits;
and to address the failure of the decree to adjudicate the paternity of Lorenzo Woods. We reverse
those parts of the trial court's judgment, and we remand that portion of the cause to the trial court
with special instructions to reopen the divorce proceedings so that appellant may defend against
(1) the allegation and adjudication of paternity of Ashley Nicole and Reginald Alexander, (2) the
order for child support as it relates to the paternity of the two children, and (3) the method of
calculating the military retirement benefits awarded to appellee, and so that appellant may seek an
adjudication of the paternity of Lorenzo Woods.



 

 J. Woodfin Jones, Justice

Before Justices Jones, B. A. Smith and Yeakel

Affirmed in Part; Reversed and Remanded in Part

Filed: August 26, 1999

Publish

1. Other jurisdictions agree with the characterization of defaults against servicemen as valid
until properly attacked by the serviceman, even in the absence of compliance with section 520. 
See, e.g., Ostrowski v. Pethick, 590 A.2d 1290, 1293 (Pa. 1991); Schroeder v. Levy, 222 Ill. App.
252, 253 (1921) (construing virtually identical language from predecessor statute).
2. The abuse-of-discretion standard of review is well established. A trial court abuses its
discretion only when it acts in an unreasonable and arbitrary manner, or when it acts without
reference to any guiding principles. Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex.
1991); Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985), cert.
denied, 476 U.S. 1159 (1986). This Court may not reverse for abuse of discretion merely because
we disagree with a decision of the trial court. Buller, 806 S.W.2d at 226; Downer, 701 S.W.2d
at 242.
3. By analogizing to the meritorious-defense requirement of a bill of review, we do not mean
to imply that an application to set aside a default judgment pursuant to the Act is properly
characterized as a bill of review. We recognize that the Act creates a distinct right separate from
our state procedures for vacating a default judgment, such as a bill of review or motion for new
trial. See Winship v. Gargiulo, 761 S.W.2d 301 (Tex. 1988).
4. Similarly, the trial court in a finding of fact stated that appellant waived any procedural right
he may have had to attack the finality of the divorce decree when he remarried and paid a portion
of child support.


2">
Other Issues


 In his fourth point of error, appellant asks this Court to reverse the trial court's
denial of his application to reopen the divorce decree because no record was made of the
proceeding granting appellee a divorce as required by the Family Code. See Fam. Code § 105.003
(West 1996). In his seventh point of error, appellant complains that the trial court erred in
characterizing his application to set aside the divorce decree as a bill of review. In his eighth point
of error, appellant argues, alternatively, that he met the requirements to sustain a bill of review. 
In points of error two and three, appellant complains that the Final Divorce Decree was based on
an amended pleading that was never served on him, and he attacks the trial court's finding that the
amended petition was considered as a supplemental petition. Because we have determined that
appellant is entitled to a reopening of the divorce proceedings in order to relitigate the issues of
paternity, child support, military benefits, and the omission of Lorenzo Woods from the decree,
we need not address these complaints.


CONCLUSION


 We hold that the trial court did not err in refusing to declare the original divorce
decree void and affirm that part of the trial court's judgment. We hold that the trial court abused
its discretion in refusing to reopen the default divorce pursuant to the Act to allow for paternity
testing of Ashley Nicole and Reginald Alexander, along with a reassessment of child support
dependent upon the outcome of the test; for a proper calculation of military retirement benefits;
and to address the failure of the decree to adjudicate the paternity of Lorenzo Woods. We reverse
those parts of the trial court's judgment, and we remand that portion of the cause to the trial court
with special instructions to reopen the divorce proceedings so that appellant may defend against
(1) the allegation and adjudication of paternity of Ashley Nicole and Reginald Alexander, (2) the
order for child support as it relates to the paternity of the two children, and (3) the method of
calculating the military retirement benefits awarded to appellee, and so that appellant may seek an
adjudication of the paternity of Lorenzo Woods.



 

 J. Woodfin Jones, Justice

Before Justices Jones, B. A. Smith and Yeakel

Affirmed in Part; Reversed and Remanded in Part

Filed: August 26, 1999

Publish

1. Other jurisdictions agree with the characterization of defaults against servicemen as valid
until properly attacked by the serviceman, even in the absence of compliance with section 520. 
See, e.g., Ostrowski v. Pethick, 590 A.2d 1290, 1293 (Pa. 1991); Schroeder v. Levy, 222 Ill. App.
252, 253 (1921) (construing virtually identical language from predecessor statute).
2. The abuse-of-discretion standard of review is well established. A trial court abuses its
discretion only when it acts in an unreasonable and arbitrary manner, or when it acts without
reference to any guiding principles. Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex.
1991); Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241-42 (Tex. 1985), cert.
denied, 476 U.S. 1159 (1986). This Court may not reverse for abuse of discretion merely because
we disagree with a decision of the trial court. Buller, 806 S.W.2d at 226; Downer, 701 S.W.2d
at 242.
3. By analogizing to the meritorious-defense requirement of a bill of review, we do not mean
to imply that an application to set aside a default judgment pursuant to the Act is properly
characterized as a bill of review. We recognize that the Act creates a distinct right separate from
our state procedures for vacating a default judgment, such as a bill of review or motion for new
trial. See Winship v. Gargiulo, 761 S.W.2d 301 (Tex. 1988).
4. Similarly, the trial court in a finding of fact stated that appellant waived any procedural right
he may have had to attack the finality of the divorce decree when he remarried and paid a porti