**In re the MARRIAGE OF Deeann Marie THOMPSON and Eli Allen Thompson.**

**Upon the Petition of Deeann Marie Thompson, Petitioner–Appellee,**

**And Concerning Eli Allen Thompson, Respondent–Appellant.**

No. 02–0979.

Court of Appeals of Iowa.

April 30, 2003.

Michael Holzworth, Des Moines, and Jeanne Johnson, Des Moines, for appellant.

Dedra Schroeder of the Schroeder Law Office, Charles City, for appellee.

Heard by HUITINK, P.J., and MAHAN and HECHT, JJ.

HECHT, J.

■ Eli Thompson appeals from an order denying his motion to set aside the default decree dissolving his marriage to DeeAnn Thompson. Our review of dissolution-of-marriage cases generally is de novo. *In re Marriage of Geil*, 509 N.W.2d 738, 740 (Iowa 1993). However, to the extent this appeal involves a question of statutory interpretation, our review is for correction of errors at law. *BHC Co. v. Board of Review*, 351 N.W.2d 523, 524 (Iowa 1984).

It is undisputed that Eli was in the military service and not represented by counsel at the time the default decree was entered on August 6, 2001. Although Eli was in the military at that time, no attorney was appointed to represent him or his interests. He subsequently filed a motion asserting the default was entered despite noncompliance with the Soldiers' and Sailors' Relief Act and requesting the decree be set aside. The district court overruled Eli's motion notwithstanding Eli's assertion that at all material times he was stationed outside the United States in the military service of the United States, and was thus unable to defend himself in the dissolution action. The court concluded Eli's failure to comply with the Iowa Rules of Civil Procedure, specifically his failure to move to set aside the decree within sixty days after it was entered and his failure to introduce any evidence supporting the existence of good cause, precluded relief under Iowa Rule of Civil Procedure 1.977.

On appeal, Eli maintains the court erred in denying him relief under the Soldiers' and Sailors' Civil Relief Act of 1940. 50 U.S.C. app. § 501–591.[1] We agree. The district court erred in rejecting Eli's motion for noncompliance with the time constraints within rule 1.977. In *Winship v. Gargiulo*, 761 S.W.2d 301, 301 (Tex.1989), the Texas Supreme Court noted the Soldiers' and Sailors' Relief Act created a "distinct right for which relief may be sought," and determined "[t]here is no reason that this federally created procedure should be required to fit within one of our state's existing procedures for vacating a default judgment." Our supreme court has likewise stated under the Act "the right to have the judgment vacated upon proper showing ... is absolute." *Kirby v. Holman*, 238 Iowa 355, 379, 25 N.W.2d 664, 677 (1947).

 Here, the district court concluded Eli failed to move to vacate the decree within sixty days of its issuance, as rule 1.977 requires. The Soldiers' and Sailors' Relief Act permits a party to move to reopen within ninety days after he or she leaves the military service. It is not disputed Eli complied with this time limitation.

 The district court determined "Eli failed to meet his burden to introduce evidence to establish good cause of the existence of at least one ground found in Rule 1.977." Because Eli's motion sought relief under the Soldiers' and Sailors' Relief Act, he was not required to establish grounds for setting aside a default judgment under rule 1.977.[2] As previously noted, the Soldiers' and Sailors' Relief Act provides a distinct right for which relief may be sought regardless of the strictures of the Iowa rules of procedure. *See Winship*, 761 S.W.2d at 301. We conclude the district court's error of law requires reversal. On remand, a hearing shall be held and the parties will be permitted to present evidence upon the issues of whether Eli (1) was prejudiced by reason of his military service in making his defense, and (2) has a meritorious or legal defense to the action or some part thereof. 50 U.S.C. app. § 520(4).

**REVERSED AND REMANDED WITH INSTRUCTIONS.**

---

1.  Section 520(1) provides in relevant part:

    If an affidavit is not filed showing that the defendant is not in the military service, no judgment shall be entered without first securing an order of court directing such entry, and no such order shall be made if the defendant is in such service until after the court shall have appointed an attorney to represent defendant and protect his interest, and the court shall on application make such appointment.

    Section 520(4) provides in relevant part as follows:

    If any judgment shall be rendered in any action or proceeding governed by this section against any person in military service during the period of such service or within thirty days thereafter, and it appears that such person was prejudiced by reason of his military service in making his defense thereto, such judgment may, upon application, made by such person or his legal representative, not later than ninety days after the termination of such service, be opened by the court rendering the same and such defendant or his legal representative let in to defend; provided it is made to appear that the defendant has a meritorious or legal defense to the action of some part thereof.

2.  The rule authorizes the district court to set aside a default or the judgment thereon for mistake, inadvertence, surprise, excusable neglect or unavoidable casualty.