156 S.W.3d 612 (2004)
In the Interest of B.T.T., a Child.
No. 04-03-00946-CV.
Court of Appeals of Texas, San Antonio.
December 15, 2004.
Michael D. Robbins, San Antonio, for appellant.
Justine M. Daly, Law Office of Justine M. Daly, Frank E. Gonzalez, Asst. Atty. Gen., San Antonio, for appellee.
Sitting: ALMA L. LÓPEZ, Chief Justice, SARAH B. DUNCAN, Justice, PHYLIS J. SPEEDLIN, Justice.

*613 OPINION
Opinion by PHYLIS J. SPEEDLIN, Justice.
Emily Braddy appeals from a final order in a suit affecting the parent child relationship which sets aside a child support order and arrearage judgment in her favor. In her sole issue on appeal, Braddy contends that the trial court lacked jurisdiction to nullify its prior order and enter a money judgment against her. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND
The factual history of this case dates back to November 13, 1996 when a Uniform Interstate Family Support suit was initiated in Bexar County by the Texas Office of the Attorney General (OAG) on behalf of Braddy alleging that Harold Thomas was the biological father of her daughter. At that time, Thomas was serving on active duty in the military, stationed in Hawaii; and a reciprocal suit was filed in Hawaii. On April 11, 1997, the Hawaii court entered a default order against Thomas establishing paternity of B.T.T. and obligating Thomas to pay child support. As a result of the Hawaii order, the OAG filed suit in Bexar County, Texas and a notice of registration of foreign support order in August 1999. Ultimately, unpaid child support under the Hawaii order was reduced to a Texas arrearage judgment against Thomas on August 4, 2000.
Soon thereafter, Thomas had a DNA test done at his own expense which excluded him as the biological father of the child. Thomas then initiated two suits, one in Texas and one in Hawaii. In Texas, Thomas filed a voluntary petition to terminate the parent-child relationship.[2] In Hawaii, Thomas filed a suit to set aside the 1997 paternity and child support order as being null and void under the Soldiers' and Sailors' Civil Relief Act of 1940.[3] On February 28, 2003, the Hawaii family court granted Thomas' motion, set aside its 1997 order as "null and void," and further ordered that the presumption of Thomas' paternity had been rebutted.
Thomas then filed a motion in May 2003 in Bexar County to set aside the arrearage judgment against him because the underlying *614 (1999) Hawaii child support order was void under the Soldiers' and Sailors' Relief Act. Thomas' motion also sought repayment of money previously paid in child support.
On June 23, 2003, the Honorable Pat Boone conducted a hearing and granted Thomas's motion. The trial court filed findings of fact and conclusions of law stating (1) the Hawaii Court found the April 11,1997 order relating to child support (and paternity) was signed as the result of fraud, duress, or material mistake of fact and in violation of the Soldiers' and Sailors' Civil Relief Act; (2) the Hawaii Court found that genetic tests show by clear and convincing evidence that Thomas is not the father of B.T.T.; and (3) that any Texas judgment against Thomas for arrears was null and void due to the fact that the underlying default order in Hawaii was declared null and void, and thus the Texas Order no longer had any basis in fact or in law. The court further entered a cumulative judgment against Braddy in the amount of $16,847.19, representing the amount of child support Thomas has previously paid. Finally, Braddy was ordered to pay Thomas $3,500 in attorney fees. Braddy appeals the trial court's order.

DISCUSSION
In her sole point of error, Braddy claims that the trial court lacked jurisdiction to consider Thomas' motion to nullify the prior Texas order and enter a judgment against her. Braddy asserts that under the Texas Family Code, Thomas was required to contest the registration of a foreign support order in Bexar County within twenty days of notice in order to prevent the registration from being confirmed by operation of law. Tex. Fam.Code Ann. § 159.606(a) (Vernon 2002). Since Thomas failed to timely contest the Texas registration of the 1999 Hawaii child support order, Braddy claims the trial court did not have jurisdiction to nullify either the registration of Hawaii's order or the August 4, 2000 arrearage judgment. We disagree.
The Soldiers' and Sailors' Civil Relief Act of 1940 ("SCRA") provides protection to members of the armed services from default judgments being taken against them during their service in the military. See 50 U.S.C. app. § 521 (2004). The provisions apply to any civil action or proceeding in which the defendant service member does not make an appearance. 50 U.S.C. app. § 521(a) (2004). In a proceeding covered by SCRA, the plaintiff must file an affidavit stating that the defendant is not a member of the military service or that the plaintiff is unable to determine whether the defendant is in the military. See 50 U.S.C. app. § 521(b)(1) (2004). If a default judgment is taken against a service member during their military service, the SCRA permits the default judgment to be reopened if it appears that: (1) the service member was materially affected in making a defense due to their military service; and (2) the service member has a meritorious legal defense to the action. See 50 U.S.C. app. § 521(g)(1) (2004). Applying the SCRA, the Hawaii court set aside its paternity finding and child support order as being null and void.
Braddy contends that the trial court did not have jurisdiction to nullify its prior orders because Thomas did not file a contest within twenty days after the notice of registration of the first Hawaii order. Tex. Fam.Code Ann. § 159.606(a). Under the Full Faith and Credit Clause of the United States Constitution, however, the introduction of a facially valid foreign order creates a prima facie case for its recognition and enforcement. Mitchim v. Mitchim, 518 S.W.2d 362, 364 (Tex.1975); *615 Villanueva v. Office of the Atty. Gen., 935 S.W.2d 953, 954-55 (Tex.App.-San Antonio 1996, writ denied). Once a judgment is properly authenticated and admitted into evidence, the party seeking to oppose it has the burden of proving that the judgment is not entitled to full faith and credit. Mitchim, 518 S.W.2d at 364. Braddy has failed to explain any reason the trial court should not have given full faith and credit to the second Hawaii court order declaring its previous 1997 order to be null and void.
In addition, the Texas Supreme Court has acknowledged that the SCRA creates a distinct right for which relief may be sought. See Winship v. Gargiulo, 761 S.W.2d 301, 301 (Tex.1988). Disapproving the intermediate appellate court's attempt to classify a service member's action as either a bill of review or a motion for new trial, the court stated, "There is no reason that this federally created procedure should be required to fit within one of our state's existing procedures for vacating a default judgment." Id. Similarly, there does not appear to be a reason that an effort to nullify the registration of an order that has been set aside under the SCRA should be required to fit within the provisions of section 159.606 of the Texas Family Code. Furthermore, Section 159.603 of the Texas Family Code provides that a registered order issued in another state is subject to the same procedures as an order issued by a tribunal of this state. Tex. Fam.Code. Ann. § 159.603(b) (Vernon 2002). Under the SCRA, child support orders issued by Texas courts are subject to being reopened on the basis of paternity challenges. See Hawkins v. Hawkins, 999 S.W.2d 171, 177 (Tex.App.-Austin 1999, no pet.). Moreover, a trial court is required to recognize an order issued by a court in another state modifying an order previously registered. See Tex. Fam.Code Ann. § 159.612 (Vernon Supp.2004-05).
Finally, the provisions of the Texas Family Code only preclude a further contest "with respect to any matter that could have been asserted at the time of registration." See Tex. Fam.Code Ann. § 159.608 (Vernon 2002). In this case, Thomas' defense that the order had been vacated by a later order could not have been asserted at the time of the registration of the first Hawaii order. See Tex. Fam.Code. Ann. § 159.607 (Vernon Supp.2004-05).

CONCLUSION
The order of the trial court is affirmed.
NOTES
[2] The trial court subsequently consolidated the underlying suit affecting the parent child relationship in which the arrearage judgment was entered with the suit filed by Thomas for termination of parental rights.
[3] See Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C. app. §§ 501 et seq. (1990), amended by Servicemembers Civil Relief Act, 501 U.S.C. app. §§ 501-596 (2003).