Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio



★ ★ ★ ★ ★ ★

# OPINION

No. 04-08-00625-CV

**IN THE INTEREST OF K.B.**, A Child

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CI-03876
Honorable Andy Mireles, Judge Presiding[1]

Opinion by:     Phylis J. Speedlin, Justice

Sitting:     Karen Angelini, Justice
             Sandee Bryan Marion, Justice
             Phylis J. Speedlin, Justice

Delivered and Filed:   July 29, 2009

AFFIRMED

Cyrus Tremaine Brown brings this appeal seeking to set aside a default judgment rendered against him in a suit affecting the parent-child relationship related to his son, K.B.  Because we hold Brown has not shown himself entitled to such relief under the federal Servicemembers Civil Relief Act, we affirm the trial court's order.

---

[1] The default judgment at issue was rendered by the Honorable Joe F. Brown, Jr., presiding judge of the 57th Judicial District Court, Bexar County, Texas on December 18, 2006 and addressed issues relating to conservatorship, possession, child support, child support arrearage, unpaid medical support, life insurance, and attorney's fees.

## DISCUSSION

Although Brown presents four separate issues on appeal, his complaint is that the trial court erred in denying his motion to set aside a default judgment entered against him in violation of the Servicemembers Civil Relief Act.[2]  The Act protects active members of the armed services from having a default judgment entered against them in any civil action or proceeding, including a child custody proceeding.  *Id.* § 521(a).  Here, the parties agree that Brown was an active duty member of the United States Army at the time he was served with the underlying suit affecting the parent-child relationship ("SAPCR").  The record also confirms that, despite the petition reflecting that Brown was on active duty in the military, the trial court did not appoint counsel to represent Brown before rendering the default order in violation of the requirements under the Act.  *Id.* § 521(b)(2) ("If in an action covered by this section it appears that the defendant is in military service, the court may not enter a [default] judgment until after the court appoints an attorney to represent the defendant.").  Accordingly, because the trial court erred by failing to enforce the mandatory provisions of the Act, Brown maintains the resulting default judgment must be set aside.  *Id.* § 521(g).[3]  Appellee, Tarra Latrise Austin, responds that Brown has failed to demonstrate his entitlement to relief under the Act.  We agree with appellee.

---

[2] We note that Brown characterized his request for relief at the trial court level and on appeal as a bill of review.  All of Brown's arguments and analysis, however, focus exclusively on the Servicemembers Civil Relief Act.  *See* Servicemembers Civil Relief Act, 50 U.S.C.A. app. § 521 (West 2008); *see also* TEX. R. APP. P. 38.1(i)) (requiring appellant's brief to contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record").  Therefore, we will construe Brown's arguments under the federally created procedure set forth in the Act.  *See Winship v. Gargiulo,* 761 S.W.2d 301, 301 (Tex. 1988) (per curiam) ("The court of appeals attempted to classify this action as either a motion for new trial or a bill of review.  It is neither. The statute clearly creates a distinct right for which relief may be sought.").

[3] Brown also argues the default judgment should be set aside because of the "cumulative effect" of many errors, including no record of the default proceedings, no affidavit of last known address, and no affidavit reflecting Brown's active duty status.  Brown, however, cites no separate authority, other than the Servicemembers Civil Relief Act, that these procedural errors would entitle him to the relief sought.  *See* TEX. R. APP. P. 38.1(i).

A default judgment taken against a servicemember may be vacated or set aside only upon application by or on behalf of the affected servicemember. *Id.* § 521(g)(1). A default judgment entered without following all requirements of the Act is voidable, not void. *Hawkins v. Hawkins*, 999 S.W.2d 171, 174 (Tex. App.—Austin 1999, no pet.). In order to reopen the judgment, the aggrieved servicemember must sufficiently demonstrate to the court that (1) he was materially affected by reason of his military service in making a defense to the action; and (2) he has a meritorious or legal defense to the action. Servicemembers Civil Relief Act § 521(g)(1)(A)-(B). Based on the record before us, Brown has failed to demonstrate either prong.

Relevant portions of Brown's affidavit filed in support of his motion to set aside the default judgment state:

> I was served on Fort McPherson, Georgia, an active duty military installation. I was in full duty uniform when I was served on or about October 31, 2006 with the above petition and a notice of hearing on temporary orders which had been set for the earlier date of October 24, 2006.
>
> I did not fully understand what the Petitioner was seeking as I had already been to Court in the Superior Court of Henry County, State of Georgia, . . . and I had been ordered to pay child support of $412.00 per month starting June 1, 2005.
> . . . .
>
> I did not learn of the Order in the above lawsuit until late August or early September 2007 when I learned that a new employer's order had been issued raising my child support. Until that time frame, I was not aware that a default order had been issued against me.
> . . . .
>
> . . . My appearance and ability to present a defense in the above lawsuit during the time frame in question was materially affected by my military duties as I was preparing for deployment to Iraq and did, in fact, deploy to Iraq during the period mid February to May 2007.

Brown's affidavit acknowledges he was properly served with the lawsuit, and had actual knowledge of the suit six weeks prior to the default judgment being entered on December 18, 2006. The record

further confirms Brown took no steps to file an answer or otherwise protect his interests under the Act. *See id.* § 521(f) (servicemember who receives actual notice of the action, may request a stay of proceedings). Although Brown's affidavit recites that he was "materially affected" by his military service, he fails to explain how or why his military service, or even his preparation for deployment in Iraq, prejudiced his ability to file an answer or otherwise protect his interests during the six weeks after service of the suit until the default judgment was entered in December 2006. The mere fact of service alone or even that Brown was preparing for deployment overseas is not sufficient to meet the requirements of the Act. Under the clear wording of the statute, the servicemember must show more than active military duty to be entitled to reopen the judgment. *Id.* § 521(g)(1)(A)-(B). To meet the first prong, the statute requires a showing that the servicemember was "materially affected *by reason of that military service* in making a defense to the action." *Id.* (emphasis added). It is noteworthy, based on his affidavit, that he was not deployed outside of the continental United States during this time period, and instead, began his deployment to Iraq in mid-February 2007. Furthermore, during the hearing on Brown's motion to set aside the default judgment, counsel for Brown admitted that Brown consulted him initially for legal advice soon after Brown was served with the SAPCR lawsuit, but did not hire him at that time. Based on the record before us, we hold Brown did not meet his burden of showing that he was materially affected by reason of his military service in answering and defending the SAPCR suit. *See Winship v. Garguillo*, 754 S.W.2d 360, 364 (Tex. App.—Waco) (facts did not establish prejudice when there was no evidence soldier was unable to file an answer or obtain leave to "take care of this lawsuit" by reason of his military service), *writ denied*, 761 S.W.2d 301 (Tex. 1988) (per curiam).

Moreover, Brown's motion to set aside the default judgment was deficient as to the requirement of showing a meritorious defense. Servicemembers Civil Relief Act § 521(g)(1)(B) ("[T]he court entering the judgment shall, upon application by or on behalf of the servicemember, reopen the judgment for the purpose of allowing the servicemember to defend the action *if it appears that* . . . the servicemember has a meritorious or legal defense to the action or some part of it."**)**. Here, Brown's affidavit wholly fails to declare that he has a good and meritorious defense to the SAPCR suit at issue. While Brown states in his affidavit there existed a previous Georgia order entered in June 2005 establishing child support, he does not state how or why that order would be a defense to the SAPCR suit. This fails to meet the statutory requirements of the Act. *Id.*; *cf. Baker v. Goldsmith*, 582 S.W.2d 404, 408 (Tex. 1979) (concluding a bill of review complainant must "allege, with particularity, sworn facts sufficient to constitute defense and, as a pretrial matter, present prima facie proof to support the contention").

Because Brown failed to demonstrate entitlement to relief under the Servicemembers Civil Relief Act, we hold the trial court correctly refused to set aside the default judgment.

### CONCLUSION

Accordingly, the judgment of the trial court is affirmed.

Phylis J. Speedlin, Justice