**McDANIEL v. McDANIEL.**

No. 4866.

Court of Civil Appeals of Texas. Beaumont.

May 21, 1953.

Baldwin & Votaw, Beaumont, for appellant.

Adams, Browne & Sample, Beaumont, for appellee.

PER CURIAM.

Roy Lee McDaniel, appellant, has perfected his writ of error to this court under rules 359 to 363, inclusive, Texas Rules of Civil Procedure, for revision and correction of a judgment in favor of Doris J. McDaniel, appellee, and against him. The case is before us without a statement of facts, and we therefore assume that all facts found in the judgment complained of were in evidence.

Appellee secured a decree of divorce from appellant March 30, 1949. Appellee was awarded custody of the one child of the couple, and appellant was ordered to pay $35 per month to her for support of the child. In November, 1951, appellee filed a motion to increase the payments for child support. On March 6, 1952, appellant was served with notice of the hearing on the appellee's motion. He made no appearance at the time of the hearing, but the attorney who had represented him in his suit for di-

vorce filed on the date of the hearing an amicus curiae affidavit, stating that appellant was inducted into the army of the United States on March 8, 1952. The trial court rendered the following judgment:

"On this, the 28th day of March, A.D. 1952, came on to be heard the application of Doris J. McDaniel, for notice to show cause against Roy Lee McDaniel, for increase of child support payments; and came the applicant, Doris J. McDaniel in person and by her attorney of record, and although the said Roy Lee McDaniel was duly and legally served on March 6, 1952, he wholly made default; and it appearing to the Court that Doris J. McDaniel and Roy Lee McDaniel were divorced by decree of this Court on March 29, 1949, and that the said Doris J. McDaniel, the applicant herein, was awarded the care and custody of the minor child, Sandra McDaniel, a girl now three years of age, and that in said decree, because of the said Roy Lee McDaniel being at that time working in a job that was not highly remunerative, the said mother of said minor child, the said applicant, Doris J. McDaniel, had agreed to thirty-five dollars ($35.00) per month child support, with the understanding that when the said Roy Lee McDaniel, the father of said child, obtained a more remunerative job, that he would pay more child support; and it further appearing to the Court that subsequent to the date of said divorce, the said Roy Lee McDaniel obtained a position with Sun Oil Company of Beaumont, Jefferson County, Texas, and that he has earnings of approximately $500.00 per month; and it further appearing to the Court that in the interest of the welfare of the minor child and for the best interest of said child, that the said Roy Lee McDaniel should be required to pay more child support for the support of said minor child; and it further appearing to the Court that the said applicant, Doris J. McDaniel, attempted to get the said Roy Lee McDaniel to pay more child support, because same was direly needed to said minor child, and it further appearing to the Court from the evidence that the said Roy Lee McDaniel refused to pay more than $35.00 per month as child support, and in fact is at this time in arrears and has failed to pay when due the last time payment of $35.00 child support which is long overdue; and it further appearing to the Court that when the said Doris J. McDaniel attempted to contact the said Roy Lee McDaniel, that the said Roy Lee McDaniel had his attorney of record to write the said Doris J. McDaniel to the effect that she was not to contact him at his place of employment, that the said attorney of record would be forced to have the said Doris J. McDaniel injoined; it further appearing that immediately thereafter the said Doris J. McDaniel employed attorneys to represent her and obtain the needed additional child support for the benefit of said minor child born of said marriage; and it further appearing that this application was filed immediately after the receipt by the said Doris J. McDaniel of said above mentioned letter from the attorney of record of Roy Lee McDaniel, and it further appearing that this application for notice to show cause was granted by the Court and citation issued to be served on the said Roy Lee McDaniel on November 2, 1951, and that the said attorney of record of the said Roy Lee McDaniel refused to accept service on behalf of the said Roy Lee McDaniel, and that on at least five different occasions thereafter additional citations had to be issued in attempts to serve the said Roy Lee McDaniel, but he continuously evaded the service of process and evaded citation on said application, but was finally served through the combined efforts of the sheriff of Jefferson County, the constable of Jefferson County, and the officers of Gregg County, Texas; but has wholly failed and refused to appear, and no good cause is shown for his failing to appear; and it further appearing to the Court that for the best interest and welfare of said minor child, said application should be granted;

"It further appearing to the Court that after full inquiry into the status of the said Roy Lee McDaniel in connection with his army status, that in the best interest and best welfare of the minor child this Court should enter this order; and it further appearing to the Court that when the said Roy Lee McDaniel goes into the service, his employer, Sun Oil Company of Beaumont, Texas, will supplement his army pay; and

it further appearing to the Court that it is necessary for the purchase of necessary food, clothing and medical attention, as compared to the ability and finances of the said Roy Lee McDaniel, that he should pay child support in the amount of eighty-five dollars ($85.00) per month;

"It is therefore Ordered, Adjudged and Decreed that the said Roy Lee McDaniel shall pay child support to the said Doris J. McDaniel in the amount of eighty-five dollars ($85.00) per month, with first payment of eighty-five dollars ($85.00) being due and payable on or before April 1, 1952, and a like payment of eighty-five dollars ($85.00) being due and payable on or before the first day of each and every month thereafter until said child reaches the age of sixteen years; and it further appearing to the Court that said child at this time is three years of age; and it is further Ordered, Adjudged and Decreed that all payments by the said Roy Lee McDaniel shall be paid into the office of the Probation Officer, Court House, Beaumont, Jefferson County, Texas; it is further Ordered, Adjudged and Decreed that a certified copy of this decree be forwarded to the Adjutant General of the United States Army and also that a certified copy hereof be forwarded to Sun Oil Company, San Jacinto Building, Beaumont, Jefferson County, Texas. * * *."

The Soldiers' and Sailors' Relief Act of 1940, by the Congress of the United States, Article 520, Title 50, U.S.C.A.Appendix, provides in part as follows:

"(1) In any action or proceeding commenced in any court, if there shall be a default of any appearance by the defendant, the plaintiff, before entering judgment shall file in the court an affidavit setting forth facts showing that the defendant is not in military service. If unable to file such affidavit plaintiff shall in lieu thereof file an affidavit setting forth either that the defendant is in the military service or that plaintiff is not able to determine whether or not defendant is in such service. If an affidavit is not filed showing that the defendant is not in the military service, no judgment shall be entered without first securing an order of court directing such entry, and no such order shall be made if the defendant is in such service until after the court shall have appointed an attorney to represent defendant and protect his interest, and the court shall on application make such appointment. Unless it appears that the defendant is not in such service the court may require, as a condition before judgment is entered, that the plaintiff file a bond approved by the court conditioned to indemnify the defendant, if in military service, against any loss or damage that he may suffer by reason of any judgment should the judgment be thereafter set aside in whole or in part. And the court may make such other and further order or enter such judgment as in its opinion may be necessary to protect the rights of the defendant under this Act (sections 501–548 and 560–590 of this Appendix)."

Even though it appears from the judgment that the trial court was satisfied from the evidence that the fact that appellant was in the army would not prejudice his ability to defend his cause in this matter, we feel compelled to reverse this judgment because the above quoted law of the United States was not complied with. It was mandatory to appoint an attorney to represent the absent party when it was shown to the Court that he was in the army before inquiring into whether his army status would prejudice his ability to defend, and before the judgment by default could be rendered against him. By its own terms, this was a default judgment.

The findings in the judgment indicate strongly that the appellant could have been present at the trial or hearing had he desired to do so, and also indicates that he was endeavoring to use his brief tour of duty on his way to the army as a shield from the processes of the court as is suggested in the case of Boone v. Lightner, 319 U.S. 561, 63 S.Ct. 1223, 87 L.Ed. 1587. However, before findings could be made and before judgment could be entered, it was necessary that the court appoint counsel to represent him, under the statute quoted. We believe this omission was fatal to the judgment, and it must be reversed and remanded for a new trial.

Reversed and remanded.