Darrell **HAWKINS**, Appellant,

v.

Linda Lou **HAWKINS**, Appellee.

No. 03–98–00321–CV.

Court of Appeals of Texas,
Austin.

Aug. 26, 1999.

Myrtle Jones McDaniel, Temple, for Appellant.

Before Justices JONES, B.A. SMITH and YEAKEL.

J. WOODFIN JONES, Justice.

Pursuant to the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U.S.C.A. App. §§ 501–593 (West 1990 & Supp.1998) (hereinafter the "Act"), appellant Darrell Hawkins filed an original application to set aside a final divorce decree granted to appellee Linda Lou Hawkins. Following a trial on the merits, the trial court denied appellant's application. We will affirm in part and reverse and remand in part, with special instructions.

## FACTUAL AND PROCEDURAL BACKGROUND

Darrell Hawkins and Linda Lou Hawkins were married in 1981. Appellee filed a petition for divorce in June 1992 and amended her petition in March 1993. The amended petition listed three children as having been born to appellant and appellee: Michael Gerrard Hawkins; Ashley Nicole Hawkins; and Reginald Alexander Hawkins. Another child, Lorenzo Woods, was born to appellee during her marriage to appellant, but was not included in the amended petition. The parties agree that appellant is not the biological father of Lorenzo Woods.

On March 30, 1993, a hearing was held on the merits of appellee's divorce petition. Appellant did not answer or appear at this hearing; as a result, the trial court rendered judgment against appellant in the form of a Final Divorce Decree. The decree granted the divorce, ordered appellant to pay child support for the three children listed in the amended petition, and awarded appellee a 21.25% interest in appellant's United States Army disposable retirement pay and 21.25% of all future increases in that retirement. The parties agree that at all times relevant to the divorce proceedings, and particularly the date the Final Divorce Decree was rendered, appellant was serving as a member of the United States Army.

In 1996, pursuant to the Act, appellant filed an Original Application to Set Aside Final Decree of Divorce and/or Original Petition for a Bill of Review requesting the reopening of certain portions of the divorce decree. Appellant was still in the army when he filed this application. Following a trial on the merits, the trial court denied appellant's application.

Appellant complains on appeal that the trial court abused its discretion in denying his application to reopen the divorce decree in order to relitigate those portions addressing: (1) the paternity of two of the children listed in the Final Divorce Decree, Ashley Nicole and Reginald Alexander,

and the related order for child support of those children; (2) the amount of military retirement benefits awarded to appellee; and (3) the failure of the decree to include an express finding that appellant is not the biological father of Lorenzo Woods. Appellant also complains of the legal and factual sufficiency of the evidence to support certain findings of fact and conclusions of law filed by the trial court.

## DISCUSSION

The Act provides certain protections to members of the armed services from default judgments being taken against them during their tenure in the service. *See* 50 U.S.C.A. App. § 520 (1990). The Act sets forth certain procedures to be followed before a default judgment may be rendered against a service member; specifically, the plaintiff must file an affidavit stating that: (1) the defendant is not currently in the military; (2) the defendant is currently in the military; or (3) the plaintiff is unable to ascertain whether the defendant is currently in the military. *See id.* If the defendant is either in the military or the plaintiff does not know his military status, a judgment can be rendered only after an attorney has been appointed to represent the defendant. *See id.*

### Requirements of 50 U.S.C.A. App. § 520

■ The parties agree that appellee failed to submit the required affidavit with her Original Petition for Divorce. Although she later amended her petition to allege appellant's military status, she still did not file the required affidavit. The record also shows that the trial court did not appoint counsel to represent appellant before rendering the Final Divorce Decree. Appellant complains that the trial court abused its discretion in refusing to set aside the divorce decree as void when

faced with this conclusive proof that the section 520 requirements were ignored. We disagree.

■ A default judgment taken without following all the requirements of section 520 is not void, but merely voidable. *See Mims Bros. v. N.A. James, Inc.,* 174 S.W.2d 276, 278 (Tex.Civ.App.—Austin), *writ ref'd on other issue,* 141 Tex. 554, 175 S.W.2d 74 (1943); *see also Borrego v. Palacio,* 445 S.W.2d 620, 622 (Tex.Civ.App.—El Paso 1969, no writ). *But see McDaniel v. McDaniel,* 259 S.W.2d 633, 635 (Tex.Civ. App.—Beaumont 1953, no writ) (reversible error to deny application to set aside judgment where section 520 requirements not complied with).[1] Because the protections of the Act are exclusively for the benefit of the serviceman, it is only upon his insistence that the judgment may be found to be invalid, and then only upon the proper showing of prejudice. *See id.* We hold that it was not an abuse of discretion to refuse to find the divorce decree was void based solely on a failure to comply with section 520.

### Application to Set Aside

Even though the divorce decree was not void as a matter of law, it was still voidable upon application and proper showing by the appellant. Section 520(4) governs when and how a default judgment taken against a serviceman during a period of military service may later be reopened by the court originally rendering judgment:

> If any judgment shall be rendered in any action or proceeding governed by this section against any person in military service during the period of such service or within thirty days thereafter, and it appears that such person was prejudiced by reason of his military service in making his defense thereto, such judgment may, upon application, made

1. Other jurisdictions agree with the characterization of defaults against servicemen as valid until properly attacked by the serviceman, even in the absence of compliance with section 520. *See, e.g., Ostrowski v. Pethick,* 404 Pa.Super. 392, 590 A.2d 1290, 1293 (1991); *Schroeder v. Levy,* 222 Ill.App. 252, 253 (1921) (construing virtually identical language from predecessor statute).

by such person or his legal representative, not later than ninety days after the termination of such service, be opened by the court rendering the same and such defendant or his legal representative be let in to defend; provided it is made to appear that the defendant has a meritorious or legal defense to the action or some part thereof.

50 U.S.C.A. § 520(4).

Appellant contends the trial court abused its discretion in failing to reopen the divorce decree because he met the requirements of section 520(4).[2] Specifically, appellant argues that, as to the issue of the paternity of Ashley Nicole and Reginald Alexander, the related issue of child support of those children, and the amount of military retirement benefits awarded to appellee, he has shown he was prejudiced by his military service and that he had a meritorious defense to these adverse findings.

### 1. *Prejudice*

 The purpose of the Act is to prevent prejudice to the rights of a soldier because of his inability to defend himself due to his military service; therefore, the statute should be liberally construed. *See Womack v. Berry*, 156 Tex. 44, 291 S.W.2d 677, 678 (1956). During the trial on the merits of appellant's application to reopen the divorce proceedings, appellant testified extensively as to his inability to obtain leave in order to defend against the contested portions of the petition for divorce. Appellant also filed documentary evidence confirming that he was either out of Texas or out of the country on military duty during the pendency of the divorce proceedings and on the date of the hearing resulting in the Final Divorce Decree. Appellant testified that he spoke with an attorney upon receiving the divorce petition and was told it would take between six months and a year to litigate his paternity dispute alone; that he was unable to obtain leave in order to travel to Texas to defend himself; and that as soon as he returned to Fort Hood, Texas, he sought legal assistance regarding the adverse findings contained in the divorce decree. There was no evidence presented to controvert appellant's testimony and supporting documentation that he was unable to obtain the leave from military service necessary to properly conduct a defense.

We believe that the inability to obtain leave from military service in order to conduct a proper defense is exactly the type of situation the Act was created to address. Other courts have looked to the ability to obtain leave in determining whether the soldier has shown prejudice by reason of military status. *See Winship v. Garguillo*, 754 S.W.2d 360, 364 (Tex. App.—Waco) (facts did not clearly establish prejudice where no evidence soldier was unable to obtain leave and no indication soldier sought leave), *writ denied per curiam*, 761 S.W.2d 301 (Tex.1988); *Power v. Power*, 720 S.W.2d 683, 685 (Tex.App.— El Paso 1986, writ dism'd) (soldier presented no evidence he was unable to obtain leave to appear at trial); *see also Roark v. Roark*, 201 S.W.2d 862, 864 (Tex.Civ. App.—Dallas 1947, no writ) (stay of proceedings should be granted where no evidence soldier could get leave to attend hearing).

Further, appellant testified how he was injured by his inability to defend himself. Because he could not appear at the hearing for divorce, he was unable to contest appellee's assertion that he was the father of Ashley Nicole and Reginald Alexander; consequently, he was ordered to pay child

---

**2.** The abuse-of-discretion standard of review is well established. A trial court abuses its discretion only when it acts in an unreasonable and arbitrary manner, or when it acts without reference to any guiding principles. *Beaumont Bank, N.A. v. Buller*, 806 S.W.2d 223, 226 (Tex.1991); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985), *cert. denied*, 476 U.S. 1159, 106 S.Ct. 2279, 90 L.Ed.2d 721 (1986). This Court may not reverse for abuse of discretion merely because we disagree with a decision of the trial court. *Buller*, 806 S.W.2d at 226; *Downer*, 701 S.W.2d at 242.

support for these children without the benefit of paternity testing. As to the award of military-retirement benefits, the divorce decree shows that the award was calculated as though appellant had already retired from the military at the time the decree was signed. Appellant argues that, pursuant to the Uniformed Services Former Spouses' Protection Act ("USFSPA"), the determination of what portion of appellant's military retirement benefits appellee was entitled to should have been calculated taking into account his status as a non-retired serviceman, along with his grade and salary. See 10 U.S.C.A. §§ 1401, 1408 (West 1998). Appellant asserts that had it been properly calculated, the amount of retirement awarded to appellee would have been less than that awarded. The prejudice suffered by appellant by not being able to defend against this allegedly erroneous calculation of retirement benefits awarded to appellee is self-evident.

Considering the record as a whole, we find overwhelming evidence that appellant was prejudiced in presenting his defense to the divorce petition by reason of his military status in that he was unable to contest his presumed paternity of Ashley Nicole and Reginald Alexander, was ordered to pay child support for those children, and was unable to contest the miscalculation of the military retirement benefits awarded to appellee.

### 2. Meritorious Defense

■ Appellant contends he presented substantial evidence of a meritorious defense against his presumed paternity of Ashley Nicole and Reginald Alexander and the resulting order to pay child support, as well as the award of 21.25% of his retirement pay. We agree.

■ Section 520(4) allows for the opening of a default judgment "provided it is made to appear that the defendant has a meritorious or legal defense to the action or some part thereof." See 50 U.S.C.A. App.§ 520(4). We consider the defendant's burden under that section to be analogous to a defendant's burden to set forth prima facie evidence of a meritorious defense when seeking a bill of review of a default judgment.[3] See, e.g., Bush v. 2410 Hamilton Bldg. Venture, 951 S.W.2d 192, 195 (Tex.App.—Houston [14th Dist.] 1997, pet. denied) (in seeking bill of review, defendant must provide prima facie evidence of meritorious defense to underlying suit).

The record in the present appeal provides ample evidence to sustain this burden. First, in her answers to interrogatories and admissions, appellee admitted she had engaged in sexual intercourse with men other than appellant during their marriage, including during the time period when Ashley Nicole and Reginald Alexander were conceived. Although she later recanted this statement in her "supplemental" answers, appellant testified that, regardless, he did not engage in sexual intercourse with appellee after the parties separated in January 1984, ten months before the birth of Ashley Nicole and more than two years before the birth of Reginald Alexander. Appellant testified that he did not believe he was the father of the two children because he was not having sexual relations with appellee during the conception period of either child, and he provided documentary evidence to support his statement that he was outside of Texas during much of the relevant time frame.

The record further shows that appellant set forth a meritorious defense to the improperly awarded military benefits. Appellant referred the trial court to the portions of the divorce decree showing that appellee had been awarded a portion of appellant's military retirement calculated as if he were already retired on the date of

---

**3.** By analogizing to the meritorious-defense requirement of a bill of review, we do not mean to imply that an application to set aside a default judgment pursuant to the Act is properly characterized as a bill of review.

We recognize that the Act creates a distinct right separate from our state procedures for vacating a default judgment, such as a bill of review or motion for new trial. See Winship v. Gargiulo, 761 S.W.2d 301 (Tex.1988).

the divorce decree. He then pointed out to the court that this was a miscalculation under the USFSPA, resulting in an inflated award. We agree.

In summary, we conclude that appellant met his burden under section 520(4) to show prejudice by reason of military status and a meritorious defense to support his application to reopen the final divorce decree to (1) require paternity testing of Ashley Nicole and Reginald Alexander; (2) reassess the child-support order for those children pursuant to the paternity results; and (3) recalculate the award of military retirement benefits based on the method outlined in the USFSPA. While we recognize that the trial court had a range of discretion in this matter, we conclude, given the record before us, that the court abused its discretion when it denied appellant's application to relitigate those issues. Accordingly, appellant's point of error is sustained.

### Divorce Decree Omits Lorenzo Woods

█ In his fifth point of error, Appellant complains that the trial court abused its discretion in refusing to set aside the divorce decree due to the failure of the decree to mention Lorenzo Woods.

Lorenzo Woods was born to appellee during her marriage to appellant. The parties agree, however, that appellant is not Lorenzo's biological father. Nevertheless, because Lorenzo was born during the parties' marriage, appellant is the presumed father. See Tex. Fam.Code Ann. § 151.002 (West 1996). Appellee's petition for divorce made no mention of Lorenzo whatsoever; as a result, he is not named in the divorce decree. Appellant argues that because the decree fails to clarify that Lorenzo, although born during the marriage, was not the biological child of appellant, he remains presumptively appellant's biological child. This, according to appellant, has the potential to adversely effect him in the future in that, among other

things, upon appellant's death Lorenzo would stand as a surviving child entitled to inherit under the probate code. See Tex. Prob.Code Ann. §§ 38, 48 (West 1980).

A man presumed to be the father of a child has the right to contest his presumed paternity. See Fam.Code §§ 160.101, .110 (West 1996 & Supp.1999). Appellant specifically requested that the trial court reopen the divorce decree so that he could exercise his right to have the paternity of Lorenzo adjudicated. Because this request was denied, paternity has not been adjudicated, and appellant remains presumptively the biological father of Lorenzo.

We have already found that appellant met his burden under the Act to show he was prejudiced by reason of his military service from defending against the divorce decree. He has also met his burden to show a meritorious defense against his presumed paternity in that appellee agrees Lorenzo is not appellant's biological child. Given these particular factual circumstances, we believe that appellant is entitled to reopen the divorce decree to obtain an adjudication of Lorenzo's paternity. The point of error is sustained.

### Estoppel

Appellee argued before the trial court that appellant should be estopped from attacking the finality of the divorce decree because he relied on it by remarrying and by paying child support. The trial court agreed, stating in its conclusions of law that appellant waived his right to contest the paternity of the children or to otherwise attack the divorce decree.[4] In his sixth point of error, appellant asserts that, as a matter of law, his actions only estopped him from attacking that portion of the decree that dissolved the marriage, but did not prevent him from attacking the portions dealing with paternity, child support, and military benefits. We agree.

---

4. Similarly, the trial court in a finding of fact stated that appellant waived any procedural right he may have had to attack the finality of the divorce decree when he remarried and paid a portion of child support.

We review challenges to conclusions of law *de novo*, examining the legal conclusions drawn from the facts to determine their correctness. *See, e.g., Circle C Child Dev. Ctr., Inc. v. Travis Central Appraisal Dist.*, 981 S.W.2d 483, 485 (Tex.App.—Austin 1998, no pet.). The trial court's conclusions will be upheld on appeal if the judgment can be sustained on any legal theory supported by the evidence. *See Westech Eng'g, Inc. v. Clearwater Constructors, Inc.*, 835 S.W.2d 190, 196 (Tex.App.—Austin 1992, no writ); *Simpson v. Simpson*, 727 S.W.2d 662, 664 (Tex.App.—Dallas 1987, no writ).

It has long been established that, based on a theory of estoppel, a person "cannot treat a judgment as both right and wrong, and if he has voluntarily accepted the benefits of a judgment, he cannot afterwards prosecute an appeal therefrom." *Carle v. Carle*, 149 Tex. 469, 234 S.W.2d 1002, 1004 (1950). However, an exception to this rule exists where "the reversal of a judgment cannot possibly affect an appellant's right to the benefit secured under a judgment, then an appeal may be taken." *Id.* Stated another way, where a party accepts only that part of the judgment that the other party concedes is due to him, he is not estopped from appealing on the ground that he is entitled to further recovery. *See id.*

Applying the *Carle* acceptance-of-the-benefits doctrine, it is also established law that remarriage by a party to a divorce estops that party from attacking the marriage dissolution, but does not estop an attack on other portions of the decree, such as child support or child custody. *See, e.g., Vinklarek v. Vinklarek*, 596 S.W.2d 197, 200 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ dism'd); *McFarland v. Reynolds*, 513 S.W.2d 620, 624 (Tex.Civ.App.—Corpus Christi 1974, no writ). In this point of error, appellant does not seek to set aside that portion of the divorce decree dissolving the parties' marriage. Appellant asks only that the decree be set aside as to the issue of

paternity, the related issue of child support, and the amount of military retirement benefits due to appellee. We hold that the mere fact that appellant has accepted the benefit of the divorce by his remarriage does not estop him from attacking these portions of the divorce decree.

As to the assertion that appellant should be estopped from attacking the divorce decree because he has paid child support, appellee misconstrues the acceptance-of-the-benefits doctrine. *Carle* precludes a litigant from accepting the benefits of a judgment and then subsequently challenging that portion of the judgment affording him those benefits. *See* 234 S.W.2d at 1004. The order that appellant pay child support, however, does not afford appellant a *benefit*, but rather creates an *obligation*. We do not believe that appellant, by acquiescing to the court-ordered income-withholding statement for child support, has accepted a benefit of the divorce decree so as to estop him from challenging it.

Accordingly, we hold that appellant is not estopped from contesting those portions of the divorce decree at issue based on his remarriage or paying of child support.

### Other Issues

In his fourth point of error, appellant asks this Court to reverse the trial court's denial of his application to reopen the divorce decree because no record was made of the proceeding granting appellee a divorce as required by the Family Code. *See* Fam.Code § 105.003 (West 1996). In his seventh point of error, appellant complains that the trial court erred in characterizing his application to set aside the divorce decree as a bill of review. In his eighth point of error, appellant argues, alternatively, that he met the requirements to sustain a bill of review. In points of error two and three, appellant complains that the Final Divorce Decree was based on an amended pleading that was never served

on him, and he attacks the trial court's finding that the amended petition was considered as a supplemental petition. Because we have determined that appellant is entitled to a reopening of the divorce proceedings in order to relitigate the issues of paternity, child support, military benefits, and the omission of Lorenzo Woods from the decree, we need not address these complaints.

## CONCLUSION

We hold that the trial court did not err in refusing to declare the original divorce decree void and affirm that part of the trial court's judgment. We hold that the trial court abused its discretion in refusing to reopen the default divorce pursuant to the Act to allow for paternity testing of Ashley Nicole and Reginald Alexander, along with a reassessment of child support dependent upon the outcome of the test; for a proper calculation of military retirement benefits; and to address the failure of the decree to adjudicate the paternity of Lorenzo Woods. We reverse those parts of the trial court's judgment, and we remand that portion of the cause to the trial court with special instructions to reopen the divorce proceedings so that appellant may defend against (1) the allegation and adjudication of paternity of Ashley Nicole and Reginald Alexander, (2) the order for child support as it relates to the paternity of the two children, and (3) the method of calculating the military retirement benefits awarded to appellee, and so that appellant may seek an adjudication of the paternity of Lorenzo Woods.