Affirmed and Memorandum Opinion filed September 23, 2003














Affirmed and
Memorandum Opinion filed September 23, 2003.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-02-00852-CV

____________

 

RANDY GOSHORN, Appellant

 

V.

 

STANLEY E. BROWN, Appellee

 

_______________________________________________________

 

On Appeal from the County Court at Law Number 2

Galveston County, Texas

Trial Court Cause No. 46,963A

 

_______________________________________________________

 

M E M O R A
N D U M   O P I N I O N

            Appellant Randy Goshorn challenges the trial court’s denial of his petition
for a bill of review.  Goshorn argues the trial court should have set aside the
default judgment entered against him (1) because the trial court improperly
authorized alternative service of citation; and (2) because appellee Stanley E.
Brown did not file an affidavit disclosing Goshorn’s
military status, if any, before entry of the default judgment.  We affirm. 








                              I.  Factual and Procedural Background

            Goshorn petitioned the trial court for a bill of review to
set aside a default judgment entered against him.  In the underlying case, Brown sued Goshorn to settle a dispute about a truck Goshorn had sold to Brown. 
The trial court authorized Brown to effect service on Goshorn by affixing the relevant papers to the front door
of Goshorn’s residence.  When Goshorn failed
to answer the lawsuit, the trial court entered a default judgment against him,
awarding Brown $14,257.72 for economic and consequential damages, $15,000 for
additional damages, and $1,459 for attorney’s fees.  In the trial court, Goshorn
argued that he did not learn of the underlying lawsuit until after the trial
court had entered the default judgment.  


                                                       II.  Issues Presented

            Goshorn
presents the following issues for appellate review:

(1)       Did the trial court reversibly err by upholding the default
judgment rendered against Goshorn, when the affidavit
in support of Brown’s motion for substituted service allegedly did not comply
with Texas Rule of Civil Procedure 106(b)?

(2)       Did the trial court reversibly err by not finding the default
judgment entered against Goshorn void for Brown’s
failure to comply with the Soldiers’ and Sailors’ Civil Relief Act of 1940?

 

                                               III.  Analysis and Discussion

            In his
first issue, Goshorn argues the trial court
reversibly erred by not setting aside the default judgment entered against him
because he was not properly served with citation in the underlying
lawsuit.  Specifically, Goshorn complains that the affidavit Brown submitted in
support of Brown’s motion for alternative service, did not state the location
of Goshorn’s usual place of business or usual place
of abode[1].  See Tex. R. Civ. P.
106(b).

            A
bill of review to set aside a default judgment is a direct attack on the
judgment.  See Min v. Avila, 991 S.W.2d 495, 499 (Tex.
App.—Houston [1st Dist.] 1999, no pet.). 
A default judgment cannot withstand direct attack by a defendant who was
not served in strict compliance with the Texas Rules of Civil Procedure.  Wilson v. Dunn, 800 S.W.2d 833, 836 (Tex.
1990).  There are no presumptions in
favor of valid issuance, service, and return of citation in the face of a
direct attack on a default judgment.  Id. 

            Texas Rule of Civil Procedure 106(b) provides
alternatives to service of process by mail or in-person delivery when the
serving party meets the requirements set forth in the rule:                 Upon
motion supported by affidavit stating the location of the defendant’s usual
place of business or usual place of abode or other place where the defendant
can probably be found and stating specifically the facts showing that service
has been attempted under either (a)(1) [in-person service] or (a)(2) [service
by registered or certified mail] at the location named in such affidavit but
has not been successful, the court may authorize service (1) by leaving a true
copy of the citation, with a copy of the petition attached, with anyone over
sixteen years of age at the location specified in such affidavit, or (2) in any
other manner that the affidavit or other evidence before the court shows will
be reasonably effective to give the defendant notice of the suit.

Tex. R. Civ. P. 106(b).  

            In
support of his motion for alternative service, Brown submitted the affidavit of
a private process server that stated the “defendant’s address” is 10923 Sageberry, Houston, Texas 77089.  The affidavit also described the process
server’s three unsuccessful attempts to effect personal service on Goshorn at the Sageberry
address.  According to the affidavit, on
the first attempt, no one answered the door. 
Five days later, the process server attempted service on Goshorn a second time. 
He described this attempt in the affidavit, stating:

A young man answered the
door.  I told him I was there to see
Randy Goshorn. 
He went back in to [sic] the house to get him.  He came back to the door and stated Mr. Goshorn was ‘tied up’ and could not come to the door.  I explained to him I was there with service
papers from the Court.  He went back into
the house.  He came back and told me I
would have to come back another day.  I
left him my card and told him to have Mr. Goshorn
contact me.  I never heard from him.

 

The affidavit states that three days later, on the
process server’s third attempt to effect personal service on Goshorn, a different young man answered the door.  He said that Goshorn
“was not there,” so the process server left her card and asked the young man to
have Goshorn contact her.  The process server did not hear from Goshorn. 

            Goshorn argues the private process server’s affidavit is
defective because it does not state that the Sageberry
address is Goshorn’s usual place of abode or
business.  See Tex. R. Civ. P. 106(b).  We disagree.  Although a higher degree of precision in an
affidavit is preferable, the plain language of the rule does not require the
affiant to state that the address is the defendant’s usual place of abode or
business or a place where the defendant can probably be found.  See
Pickersgill v. Williams, No. A14-93-00424-CV,
1994 WL 2011, at *3–*4 (Tex. App.—Houston [14th
Dist.] Jan. 6, 1994, writ denied) (not designated for publication[2])
(finding proper citation under Rule 106(b) when affidavit gave address
“believe[d] to be [defendant’s] . . . place of residence,” and described
numerous attempts to serve at address). 
As worded, the rule requires only that the affiant state “the location
of the defendant’s usual place of business or usual place of abode or other
place where the defendant can probably be found.”  See
Tex. R. Civ.
P. 106(b).  In addition to stating
that the Sageberry address is Goshorn’s
address, the facts given in the process server’s affidavit show that the Sageberry address is the location of Goshorn’s
usual place of abode or a place where Goshorn can
probably be found.  The young man who
answered the door on the process server’s second attempt to serve Goshorn at the  Sageberry address, indicated Goshorn
was in the home, but was unwilling or unable to come to the door.  The young man instructed the process server
to return to the same home another day to serve Goshorn.  When the process server returned to the home,
another young man indicated Goshorn was not present
at the time.  These facts show strict
compliance with Rule 106(b)’s requirement that an affidavit in support of a
motion for substituted service state the location of the defendant’s “usual
place of business or usual place of abode or other place where the defendant
can probably be found.”  Accordingly, we
overrule Goshorn’s first issue.  

            In
his second issue, Goshorn maintains the trial court
committed reversible error by not setting aside the default judgment because of
Brown’s failure to comply with the Soldiers’ and Sailors’ Civil Relief Act of
1940.  See 50 U.S.C. § 520.  Brown
violated the Act by failing to file an affidavit, before entry of the default
judgment, stating whether Goshorn was in the military
at the time of the underlying suit, or providing that Brown was unable to
determine Goshorn’s military status.  See id.  A default judgment entered without compliance
with the Act is voidable, but not necessarily
void.  Hawkins v. Hawkins, 999 S.W.2d 171, 174 (Tex. App.—Austin 1999, no
pet.). The protections of the Act are only available to those in military
service.  See id. at 174–75.  Goshorn’s trial counsel conceded that Goshorn
was not in the military at the relevant time. 
Because Goshorn could not and did not make a
proper showing of prejudice, we find the trial court correctly refused to set
aside the default judgment on this basis. 
See 50 U.S.C. § 520(4); Hawkins, 999 S.W.2d at 174–75.  Accordingly, we overrule Goshorn’s
second issue.

            Having
overruled both of Goshorn’s appellate issues, we
affirm the trial court’s judgment.

 

                                                                                    

                                                                        /s/        Kem Thompson
Frost

                                                                                    Justice

 

Judgment
rendered and Memorandum Opinion filed September 23, 2003.

Panel
consists of Justices Yates, Hudson, and Frost.

 

 











            [1]  Brown maintains Goshorn
failed to preserve error on his first issue because he did not make this
complaint in the trial court.  See Tex.
R. App. P. 33.1 (requiring party to make a timely, specific objection in
the trial court to preserve error for appellate review).  We address the merits of Goshorn’s
first issue because the Texas Supreme Court has held that a party challenging a
default judgment need not preserve error in the trial court regarding claims of
defective service.  See Wilson v. Dunn, 800 S.W.2d 833, 837 (Tex. 1990).





            [2]  Opinions not designated for publication have
no precedential value, but may be cited with the
notation, “(not designated for publication).” 
Tex. R. App. P. 47.7.