

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00681-CV

**IN THE INTEREST OF O.L.R.M.**, Minor Child

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2013-CI-10434
Honorable Antonia Arteaga, Judge Presiding

Opinion by: Sandee Bryan Marion, Justice

Sitting: Karen Angelini, Justice
Sandee Bryan Marion, Justice
Patricia O. Alvarez, Justice

Delivered and Filed: June 4, 2014

AFFIRMED

After the infant child, OLRM, was adopted, appellant, Brandon O., filed a petition to adjudicate parentage. Appellee, Adoption Advocates, Inc., filed a plea to the jurisdiction and request for the trial court to dismiss Brandon's suit on the grounds that he lacked standing. The trial court granted appellee's motion and dismissed the case with prejudice. This appeal by Brandon ensued. We affirm.

## DISCUSSION

Brandon asserts he is an active serviceman seeking to establish paternity of his daughter who was conceived, born, and adopted without his knowledge. He phrases his first issue as whether "an active serviceman [has] standing to establish paternity post adoption despite [his]

failure to register with the Texas Paternity Registry?"[1] Brandon contends the Texas Paternity Registry did not require him to register his and OLRM's mother's sexual encounter because he had no "reasonable belief" a child would be born of the encounter.

The Texas Family Code "contains the general provisions governing the parent-child relationship and suits affecting the parent-child relationship and thus is the starting point for determining the rights of the parties to this suit." *In re H.C.S.*, 219 S.W.3d 33, 36 (Tex. App.—San Antonio 2006, no pet.). Under the Family Code, "'[a]lleged father' means a man who alleges himself to be, or is alleged to be, the genetic father or a possible genetic father of a child, but whose paternity has not been determined." TEX. FAM. CODE ANN. § 101.0015(a) (West 2014). The general standing provision for suits affecting the parent-child relationship states that a suit may be filed at any time by "a man alleging himself to be the father of a child filing in accordance with Chapter 160, subject to the limitations of that chapter, but not otherwise . . . ." *Id.* § 102.003(a)(8); *see id.* § 160.602(a)(3) ("a proceeding to adjudicate parentage [may] be maintained by . . . a man whose paternity of a child is to be adjudicated").

With exceptions that do not apply here, "a man who desires to be notified of a proceeding for the adoption of or the termination of parental rights regarding a child that he may have fathered may register with the registry of paternity: (1) before the birth of the child; or (2) not later than the 31st day after the date of the birth of the child." *Id.* § 160.402(a). "The parental rights of a man alleged to be the father of a child may be terminated without notice as provided by Section 161.002 if the man: (1) did not timely register with the bureau of vital statistics; and (2) is not entitled to notice under Section 160.402 or 161.002." *Id.* § 160.404; *see also id.* § 161.002(b)(3) ("The rights

---

[1] Brandon also contends the "adoption code" allows for six months in which to challenge an adoption, and he acted within that time period. Brandon provides no citation to the record or to any authority and offers no substantive argument for this contention; therefore, this single sentence presents nothing for our review.

of an alleged father may be terminated if . . . the child is under one year of age at the time the petition for termination of the parent-child relationship or for adoption is filed and [the alleged father] has not registered with the paternity registry under Chapter 160 . . . .").  The statute contains no "reasonable belief" exception or requirement.  Therefore, if Brandon wanted notice of any adoption or termination proceeding as to OLRM, he was required to register.

Also, with exceptions that do not apply here, an original suit, even by the child's father, may not be filed "if the parent-child relationship between the child and every living parent of the child has been terminated . . . ."  *Id.* § 102.006(a)(2).  In this case, the child's mother executed an irrevocable affidavit for voluntary relinquishment; her husband, the "presumed father," executed an affidavit of relinquishment; and another man, the alleged biological father, executed an irrevocable waiver of interest.  On March 8, 2013, the parent-child relationship between OLRM and every living parent was terminated, and OLRM was placed with his adoptive parents, where he remains to this date.  Thus, Brandon did not have standing to bring his original suit under section 102.006.

Brandon also contends that because he is an active serviceman, "the Serviceman's Act" protects him from having his rights adjudicated without notice to him.  Other than citing to the Servicemembers' Civil Relief Act ("the Act"), Brandon provides no citations to the record or substantive argument in support of his contention.  Under the Act, a trial court may vacate or set aside a judgment

> [i]f a default judgment is entered in an action covered by this section against a servicemember during the servicemember's period of military service (or within 60 days after termination of or release from such military service), the court entering the judgment shall, upon application by or on behalf of the servicemember, reopen the judgment for the purpose of allowing the servicemember to defend the action if it appears that—
>
> (A) the servicemember was materially affected by reason of that military service in making a defense to the action; and

> (B) the servicemember has a meritorious or legal defense to the action or some part of it.

50 U.S.C. app. § 521(g) (2008).

"The purpose of the Act is to prevent prejudice to the rights of a soldier because of his inability to defend himself due to his military service; therefore, the statute should be liberally construed." *Hawkins v. Hawkins*, 999 S.W.2d 171, 175 (Tex. App.—Austin 1999, no pet.). Here, no default judgment has been entered against Brandon, he does not explain how his military service prevented him from making a defense, and he presents no meritorious or legal defense. Also, we note that Brandon's attorney stated at the hearing on the plea to the jurisdiction that Brandon had been in Texas since September 2012. OLRM was born on February 15, 2013. *See Hawkins*, 999 S.W.2d at 175 ("We believe that the inability to obtain leave from military service in order to conduct a proper defense is exactly the type of situation the Act was created to address. Other courts have looked to the ability to obtain leave in determining whether the soldier has shown prejudice by reason of military status."). Finally, we do not construe the trial court's March 8, 2013, termination order as a "default judgment" against Brandon because—having never registered with the Texas Paternity Registry—he was not a party to that proceeding.

## CONCLUSION

For the reasons stated above, we conclude the trial court did not err in determining Brandon lacked standing to bring his original suit.[2] Therefore, we affirm the trial court's Order of Dismissal.

Sandee Bryan Marion, Justice

---

[2] On appeal, Brandon raises three other complaints that we do not consider because they are inadequately briefed or are not dispositive to this appeal. TEX. R. APP. P. 47.1.